Ray-O-Vac Company and Employers Mutual Liability Insurance Company of Wisconsin, Appellants, *v.* Workmen's Compensation Appeal Board and Mrs. Sara E. Hartley, Appellees.

Submitted on briefs June 6, 1974, to Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*James K. Martin,* for appellants.

*Harry G. Hager,* with him *Stuart, Murphy, Hager & Smith,* for appellees.

OPINION BY JUDGE WILKINSON, June 27, 1974:

This is an appeal from an award of compensation by the Workmen's Compensation Appeal Board. The referee had denied compensation, finding that the claimant-appellee had failed to prove an accident. The referee found that at the time of the alleged accident, claimant-appellee was doing her usual and customary work, and that prior to that time, she suffered from obesity, hypertension, diabetes and arteriosclerosis, which conditions predisposed her to the development of thrombosis. Finally, the referee found that there was no causal relationship between the work she performed

at the time of the alleged accident and the disability she suffered.

The Workmen's Compensation Appeal Board did not take any additional testimony. In order to reverse the decision of the referee, the Board declared that the testimony of the employer-appellant's physician was not competent. We cannot agree and, therefore, reverse the decision of the Board.

The history of the relatively recent changes in the Workmen's Compensation Act with regard to the authority of the referee to find facts and the binding nature of the findings on the Board is set forth clearly in Judge BLATT's opinion in *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973). As there pointed out and as apparently the Board was well aware, when the referee makes a finding that is supported by competent evidence, that finding is binding on the Board and on this Court if the Board does not take additional testimony.

The Board, in its opinion, discusses the testimony of the claimant-appellee and her two physicians as well as the testimony of the employer-appellant's physician. The Board points out a number of reasons which persuaded it that the testimony of the employer-appellant's physician was not as credible or entitled to as much weight as that of the claimant-appellee's physicians. However, no valid reason is given and, indeed, no valid reason could be given that would justify the Board in excluding the employer-appellant's physician's testimony. As stated by Judge CRUMLISH in *Aluminum Company of America v. Theis*, 11 Pa. Commonwealth Ct. 587, 591, 314 A. 2d 893, 896 (1974) : "It is the function of the referee in this case, and not that of the appellate courts, to determine the credibility of and weight to be given the testimony of medical experts."

Accordingly, we enter the following

## ORDER

Now, June 27, 1974, the decision of the Workmen's Compensation Appeal Board, dated November 8, 1973, is reversed and the decision of the referee of April 6, 1973, dismissing the claim petition, is reinstated.