294

Grace Lisi, Widow of John Lisi, Deceased, Appellant, *v.* Workmen's Compensation Appeal Board, Raymond Rosen & Co., Inc. and Travelers Insurance Co., Insurance Carrier, Appellees.

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Daniel J. McAleer,* with him *Thomas F. McDevitt,* for appellant.

*Joseph J. Murphy,* with him *Murphy, Murphy & Murphy,* for appellee.

OPINION BY JUDGE KRAMER, January 28, 1975:

This is an appeal by Grace Lisi (Lisi) from a decision of the Workmen's Compensation Appeal Board (Board), which reversed the decision of the referee and dismissed Lisi's fatal claim petition.

In June of 1965, Lisi filed a fatal claim petition against Raymond Rosen & Co., Inc., alleging that her husband, John Lisi (decedent) had died on May 4, 1965, and that his death arose from and was causally connected to back injuries sustained in a work-related accident on September 1, 1962. In a decision dated August 22, 1973, the referee awarded benefits to Lisi. The referee made the following pertinent findings of fact: "3. That on October 16, 1962 surgery was performed for his back injuries and following said surgery he sustained a myocardial ischemia. 4. Between the date of surgery and the date of death, decedent had numerous incidents of angina pectoris, for which he received constant treatment, as well as for his back condition. 5. That on May 4, 1965 decedent died of a myocardial infarction, which had been precipitated or hastened by the myocardial ischemia sustained at the time of surgery on October 16, 1962, required by reason of the accident of September 1, 1962."

Based upon these findings, the referee concluded that decedent's death was causally related to the injury sustained in the accident of September 1, 1962. In an adjudication dated April 4, 1974, the Board stated that "it is doubtful that the testimony of a general practitioner

in osteopathy, not a cardiologist, is competent to determine that the cause of death in this case is related to the accident." The Board held that the referee had erred in relying on the testimony of a doctor in osteopathy and therefore deleted finding of fact No. 5, quoted above, and substituted a finding that Lisi "failed to prove" a causal relationship between the decedent's accident and his death. Lisi now appeals to this Court.

In this case the party with the burden of proof prevailed before the referee and the Board did not receive additional evidence. Therefore, our scope of review is limited to a determination of whether or not any constitutional rights were violated, an error of law was committed, or any necessary findings of fact, as found by the referee, were unsupported by substantial evidence. *See Reed v. Glidden Company,* 13 Pa. Commonwealth Ct. 343, 318 A. 2d 376 (1974). If the findings of the referee are supported by sufficient competent evidence, and the Board did not take additional testimony, then those findings are binding on the Board and on this Court. *See Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

The only issue involved in this case is whether or not the testimony of the decedent's physician concerning causation was competent. The decedent's physician, Dr. Frank D. Pettenelli, is a duly-licensed practicing physician in both Pennsylvania and New Jersey. Dr. Pettenelli was qualified to testify as a medical expert, and all of his testimony, including his opinion concerning causation, was competent.[1] The fact that Dr. Pettenelli is an osteopath, and not a cardiologist, may affect the weight or credibility of his testimony, but it does not affect its competency. In this type of case it is, of course, the func-

---

1. This Court has held that chiropractors are competent to testify as experts concerning matters within the scope and practice of chiropractic medicine. *See McKinney Manufacturing Corp. v. Straub,* 9 Pa. Commonwealth Ct. 79, 305 A. 2d 59 (1973).

tion of the referee, not the Board, to determine the weight and credibility to be given the testimony of the medical experts. *See Aluminum Company of America v. Theis,* 11 Pa. Commonwealth Ct. 587, 314 A. 2d 893 (1974). We hold that Dr. Pettenelli's testimony was competent and that the Board erred when it substituted its own finding for that of the referee. *See Ray-O-Vac Company v. Workmen's Compensation Appeal Board,* 14 Pa. Commonwealth Ct. 47, 321 A. 2d 731 (1974). We must reverse, and we therefore

### ORDER

AND NOW this 28th day of January, 1975, the decision of the Workmen's Compensation Appeal Board, dated April 4, 1974, is reversed and it is ordered that Raymond Rosen & Co., Inc. and/or its insurance carrier, Travelers Insurance Co., pay to Grace Lisi compensation at the rate of $30.50 per week to continue during the unmarried lifetime of Grace Lisi for the period of three hundred and fifty (350) weeks from May 4, 1965. It is further ordered that Raymond Rosen & Co., Inc. and/or its insurance carrier, Travelers Insurance Co., reimburse Grace Lisi $750 for burial expenses. The above award is to bear interest at the rate of 6% per annum on all deferred payments of compensation.