Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and George H. Miller *v.* Edgewater Steel Company and Liberty Mutual Insurance Company, Insurance Carrier, Appellants.

4

Argued October 30, 1975, before Judges CRUMLISH, JR., KRAMER, and MENCER, sitting as a panel of three.

*Thomas J. Ferris,* with him *Clem R. Kyle,* for appellants.

*Thomas P. Geer,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., January 15, 1976:

This is an appeal by Edgewater Steel Company, employer, and Liberty Mutual Insurance Company, insurance carrier, (Appellants) from an opinion and order of the Workmen's Compensation Appeal Board (Board) affirming the referee's award of workmen's compensation benefits to George H. Miller (Claimant). We affirm.

Claimant was an employee of the Edgewater Steel Company from October 1940 to May 1971. For a majority of those years, he had been classified as a Class "A" Machinist. His work required repeated lifting of metal rings which weighed between forty (40) and sixty (60) pounds from the floor behind where he was standing and placing them on the lathe in front of him. On May 10, 1971, Claimant experienced pain in his lower back while

performing his ordinary and regular work in his usual manner.[1] The referee in awarding compensation found, *inter alia*, that Claimant was injured in the course of his employment, the injury was properly reported, and he is totally disabled as a result of his accidental injury.

The question presented is: Was there sufficient competent evidence to establish notice to the employer, the occurrence of an accident, the injury and resulting disability?

Where, as here, the Claimant having the burden of proof "prevailed before the referee and the Board did not receive additional evidence ... our scope of review is limited to a determination of whether or not any constitutional rights were violated, an error of law was committed, or any necessary findings of fact, as found by the referee, were unsupported by substantial evidence. See Reed v. Glidden Company, 13 Pa. Commonwealth Ct. 343, 318 A.2d 376 (1974). If the findings of the referee are supported by sufficient competent evidence, and the Board did not take additional testimony, then those findings are binding on the Board and on this Court. See Universal Cyclops Corp. v. Krawczynski, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973)." *Lisi v Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 294, 296, 331 A.2d 252, 254 (1975).

Appellant raises three contentions. First, Claimant failed to give his employer proper and timely notice of the injury as required by the Statute.[2] The referee found and the record supported his findings that Claimant notified his foreman immediately after the injury. In *Reed, supra*, we said that when a co-worker on behalf of the

1. This work entailed standing before his lathe machining rings, which he took from a pile on the floor behind him. In order to put a new ring on the machine, he turned, twisted, stooped, lifted the ring and turned back toward the lathe with the ring.

2. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§631, 632, 633.

Claimant informed the foreman of the injury, the company had sufficient notice. We find no lack of notice here when the worker, himself, informed the foreman of his injury.

Second, Appellant contends that there is absolutely no credible evidence that the Claimant suffered an accident in the course of his employment. We do not agree. Under the unusual pathological result doctrine, a claimant establishes an accident by proving the occurrence of an unexpected injury caused by a definable event or series of events while performing his usual work and the occurrence of a break or change in the physical structure or body tissue. *Workmen's Compensation Appeal Board v. Hamilton*, 21 Pa. Commonwealth Ct. 425, 428, 346 A. 2d 387, 389 (1975). In the instant case, Claimant testified that he injured his back while performing his routine job assignment. He also introduced expert medical testimony that his lower back was injured. The medical expert also testified that the injury occurred while Claimant was working his lathe at Edgewater Steel.

Since it is for the referee to determine the weight and credibility of the evidence, *Mertz v. Mellon National Bank and Trust Company*, 11 Pa. Commonwealth Ct. 541, 314 A. 2d 570 (1974), and since the referee believed both the testimony of the Claimant and his medical expert, there is sufficient evidence to establish the occurrence of an unexpected injury.

Appellant's final contention is that Claimant's disability was the result of excessive use of alcohol and not the back injury. The referee in hearing the testimony chose to believe Claimant's medical expert who testified that as a result of his injury while operating the lathe, he was totally disabled, over Appellant's expert who contended that the back pain and disability were the result of excessive use of alcohol. Our review of the record leads us to conclude that the referee's findings of fact are based on substantial credible evidence and therefore,

ORDER

AND NOW, this 15th day of January, 1976, the opinion and order of the Workmen's Compensation Appeal Board is affirmed and the appeal dismissed.