Ernest Nardone, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Argued October 4, 1979, before Judges Mencer, Blatt and Craig, sitting as a panel of three.

*Jay I. Bomze,* with him *Zarwin, Baum, Arangio & Ross,* P.C., for petitioner.

*Daniel F. Monahan,* with him *John McElvenny* and *Larry Pitt,* for respondent.

OPINION BY JUDGE CRAIG, January 8, 1980:

Claimant Ernest Nardone appeals from a November 2, 1978 decision of the Workmen's Compensation Appeal Board (board), which reversed a referee's decision and award in favor of claimant, and dismissed his claim.

Claimant had worked as a riveter for the Strick Trailer Corporation for 23 years before his termination as of June 1, 1975, when Strick ceased operations. Early in 1976, claimant discovered, through medical examination for hearing difficulties, that he had what is termed a high tone sensorineural hearing loss, which loss was permanent and attributable to his employment in Strick's high noise level environment. He then reported his injury to Strick and filed a claim petition with the workmen's compensation authorities. The petition originally sought specific loss benefits, but, by later amendment, made a claim for *partial* disability under Section 306(b) of The Pennsylvania

Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §512.

After hearings, the referee issued an award and order directing the defendant to pay compensation to claimant for *total* disability from June 1, 1975 until October 3, 1976, when claimant secured employment as a parking attendant, and for partial disability from that date forward for a period not to exceed 500 weeks.

Upon appeal to the board by the defendant employer, the board reversed and dismissed the claim, stating that claimant had not established a disability reflected in a loss of wages.

That claimant's hearing loss constitutes a work-related injury is not disputed. The basic issue is whether there had been a loss of earning power.

Loss of earning power is a question of fact. *Philco Ford Corp. v. Engel*, 21 Pa. Commonwealth Ct. 345, 345 A.2d 790 (1975); *Michael v. Roadway Express, Inc.*, 211 Pa. Superior Ct. 238, 235 A.2d 627 (1967). The referee's award of benefits for partial disability implicitly incorporates a finding that claimant has sustained a loss of earning power equal to the disparity between his wages in his former employment and the remuneration of his current position.[1]

Our scope of review, where, as here, the party with the burden of proof prevailed before the referee and the board took no additional evidence, is narrowly limited to determining whether or not any constitutional rights were violated, an error of law was committed, or any necessary findings of fact, as made by the referee, were unsupported by substantial evidence, affording that party the benefit of the most favorable

---

[1] The referee's award of $58.00 per week is precisely 2/3 of the difference between claimant's prior wages of $221.00 per week and his current wages of $134.00 per week. The mathematics is inescapable.

inferences to be drawn from that evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977); *Lisi v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 294, 331 A.2d 252 (1975). If there appears in the record before the referee such relevant evidence as a reasonable mind might accept as adequate to support the conclusion, then we and the board are precluded from disturbing those findings even though there is evidence to the contrary. *American Refrigerator Equipment Co., supra; Lisi, supra.*

The pivotal question is thus whether there was substantial evidence to support the referee's finding that claimant was disabled from further work as a riveter as a result of his hearing loss. After careful review of the record, particularly the deposition testimony of Dr. Leibman, we conclude that substantial evidence does support the referee's determination, and we therefore will reverse the board's order insofar as it is applicable to the award of partial disability benefits from October 3, 1976 on.

There is no doubt that the testimony received by the referee contained conflicting evidence. Dr. Leibman testified that it would be in claimant's best interest to avoid further noise exposure, because of its disturbing effect on him due to increased sensitivity as a result of the high tone loss, difficulty in understanding speech in a high noise environment, and the risk of exacerbation of the impairment from continued exposure. On the other hand, he also testified that, with adequate ear protection, claimant could perform in a high noise environment, and that, given such protection, further deterioration might not result.

Nevertheless, the referee was required to decide whether the hearing impairment and the threat of further deterioration was such as to reasonably rule out

a return to such an occupation. In light of that conflict as to the degree of physiological constraint, and the claimant's age, education, skills, training and other factors the referee may consider in determining partial disability, *Modern Cooler Co. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 22, 333 A.2d 811 (1975), there was substantial evidence to support the referee's resolution.

Questions of credibility and the weight to be afforded conflicting testimony is the referee's province in a workmen's compensation case. Within that domain are conflicts arising from a witness' inconsistent testimony as well as conflict between two or more witnesses. "[T]he referee may, in lawful exercise of his broad discretion, accept or reject the testimony of any witness *in whole or in part." American Refrigerator Equipment Co., supra,* at 595, 377 A.2d at 1010 (emphasis in original).

The case of *Lash v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 124, 372 A.2d 1265 (1977), cited to us by the appellees, is inapposite. In *Lash,* the referee found no injury and no disability. Here, the injury is admitted and the referee has found a disability. Although the differing posture of the *Lash* case invokes a different standard of review, both that case and the present case recognize the importance of the referee as the arbiter of facts.

We reverse the board and will reinstate the referee's order as to partial disability.

However, the award of total disability benefits for the period from June 1, 1975 to October 3, 1976, constitutes a reversible error of law. The referee had no warrant in law to make that award because no claim was made on that basis. For that period, we must remand with directions to make findings and a decision on the extent of partial disability, if any, for the period June 1, 1975 until October 3, 1976.

ORDER

AND Now, this 8th day of January, 1980, the November 2, 1978 order of the Workmen's Compensation Appeal Board at No. A-74403 is reversed. The referee's December 2, 1977 order is reinstated insofar as it pertains to the granting of benefits for partial disability after October 3, 1976, and the defendant is ordered and directed to pay to the claimant compensation at the rate of $58.00 per week beginning October 4, 1976 and continuing for no more than 500 weeks. Interest is assessed on all deferred payments of compensation at the rate of 10% per annum. The case is remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.