Gulf Oil Corporation and Travelers Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joseph Pittman, Respondents.

Argued October 6, 1980, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Philip M. Gilligan, McEldrew, Hanamirian, Quinn & D'Amico,* for respondents.

OPINION BY JUDGE CRAIG, October 31, 1980:

Gulf Oil Corporation U.S. (employer) and its insurer, Travelers Insurance Company, petition for review of a decision of the Workmen's Compensation Appeal Board (board) which vacated a referee's decision made pursuant to a remand from the board, and reinstated, with modification, the referee's initial decision denying the employer's petition for modification of total disability benefits being paid to claimant Joseph B. Pittman. We affirm.

Claimant sustained a crush injury to the right hand in June 1970, while working as a boilermaker. He received total disability payments pursuant to initial and supplemental agreements, through August, 1975.

On August 6, 1975, the employer filed two petitions, one for modification of claimant's disability into specific loss of use of the right hand, and the second a petition for specific loss under Section 306 (c) of The Pennsylvania Workmen's Compensation Act (Act),[1] 77 P.S. §513, alleging that claimant's disability had resolved itself into loss of use of one-half of the right hand. The referee treated both petitions as a single modification petition, characterizing the second petition as an anomaly not recognized by the act.[2]

After a hearing, the referee dismissed the employer's petition, finding that the employer had failed

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1 et seq.
[2] Section 306(c) makes no mention of loss or loss of use of one-half of a hand.

to carry its burden of showing claimant to have "lost the entire use of his said right hand;" he grounded that finding on the report and testimony of the employer's medical experts which indicated, respectively, that claimant had "not lost the entire use of his injured hand" and that claimant's hand was "not altogether useless." The referee also found that the employer had failed to establish the availability of work which claimant could perform within his capability.

The referee also directed the employer to pay claimant's counsel fees incurred in defense of the petition.

On the employer's appeal, the board rejected the employer's challenges to the merits of the claim, but noted the absence of any findings on the reasonableness of employer's contest. Additionally, the board noted that the referee's language quoted above was not the proper test under Section 306(c).

The board therefore entered an order remanding:
[T]o determine whether or not the claimant has lost the use of his right hand for all practical intents and purposes and to hold a hearing if necessary and make findings on the imposition of counsel fees against [employer].

On remand, over the objection of claimant's counsel, the referee permitted the employer to recall its medical witness and to present testimony that claimant's injury had resolved itself into the loss of use of *two fingers* of the right hand for all practical intents and purposes.

The referee's second decision concluded that claimant's injury was limited to the loss of use of two fingers for all practical intents and purposes and that claimant was no longer totally or partially disabled.

446

Claimant appealed to the board, asserting that the referee had exceeded the scope of the remand order by taking new testimony on the extent of his disability.

The board agreed with claimant that its remand order was intended to enable the referee to alter the language of his conclusion that the employer had failed to carry its burden, and that the "hearing if necessary" language was addressed only to the issue of counsel fees. The board then vacated the referee's second decision and reinstated the first, modifying the referee's language to state "loss of use for all practical intents and purposes" instead of "entire use" or "altogether useless." As modified, the board affirmed the initial decision continuing benefits and awarding counsel fees.

The employer contends here that the board exceeded its authority in vacating the second decision and modifying the language of the first without itself taking evidence.

We agree with the board's interpretation of its remand order, to the effect that the referee erred in permitting the employer to proceed on the new theory of specific loss of two fingers.

The employer's first petition sought modification of claimant's compensation to reflect loss of use of the right hand, not of two fingers. Nor did employer's simultaneous second petition, for loss of use of one-half of the right hand, provide a basis for the theory advanced at the remand hearing. Clearly, the employer had the burden of proving the grounds for modification alleged in the petitions. *Workmen's Compensation Appeal Board v. Brockway Glass Co., Inc.*, 21 Pa. Commonwealth Ct. 444, 446, 346 A.2d 916, 917 (1975). The referee's initial decision makes plain that he found against employer on those issues. Indeed, the record before him in the original pro-

ceeding would support no contrary conclusion. There was simply no evidence indicating that claimant had in fact lost the use of (all or half of) his hand for all practical intents and purposes; the evidence put forth by the employer made it clear that claimant retains substantial practical usefulness of his hand.[3]

The referee's interpretation of the remand order was an error of law, and the board acted within its authority in correcting that error by vacating the resulting decision. If the employer desires to proceed on a theory of specific loss of two fingers, it may do so by proper petition and notice to claimant setting forth those grounds for modification.

We likewise find no reversible error in the board's modification of the language of the referee's initial decision to reflect the proper standard. As we noted above, the referee's initial conclusion was the only decision possible on the record at that time. Review by the board and this court is indeed limited, but neither the board nor we are constrained by a referee's choice of words in some talismanic fashion. *See Scarpelli v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 30, 333 A.2d 828 (1975). We have held that the board commits harmless error in making an additional finding without hearing additional evidence if the new finding is actually encompassed by a finding of the referee. *Fire-*

___

[3] At the original hearing, the employer's medical witness stated that claimant's hand "moves and does practically everything it needs to do at this stage of life"; "as a tactile organ, it is normal"; "his hand functions are adequate for most things"; "he has excellent pinch power."

Moreover, at the remand hearing, the employers counsel admitted that the original hearing had not approached "the determination of whether a specific loss occurred, either to the entire hand or to members thereof. This was undetermined because that question was not specifically asked this witness by me."

*stone Tire and Rubber Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 142, 396 A.2d 902 (1979); the modification here is subsumed within that doctrine.

Noting that no other questions have been raised as to the merits of the reinstated decision, we will affirm.

### ORDER

AND Now, this 31st day of October, 1980, the November 8, 1979 order of the Workmen's Compensation Appeal Board at Docket No. A-76045, is affirmed. Judgment is to be entered against Gulf Oil Corporation an its insurer Travelers Insurance Company, and in favor of Phillip M. Gilligan, Esquire, in the amount of $800.00, as counsel fees.