International Petroleum Service, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Timothy L. Wenzel, Respondents.

Submitted on briefs, April 8, 1981, before President CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*William J. Schaaf,* with him *John C. Brydon, Marsh, Spaeder, Baur, Spaeder & Schaaf,* for petitioner.

No appearance for respondent.

OPINION BY JUDGE BLATT, June 23, 1981:

The petitioner[1] seeks review of a determination of the Board[2] which reversed a referee's decision and reinstated the payment of total disability benefits to the claimant.[3]

The claimant suffered a fractured elbow on March 1, 1977, in the course of his employment with the petitioner and a compensation agreement was later exe-

---

[1] International Petroleum Service.

[2] Workmen's Compensation Appeal Board.

[3] Timothy L. Wenzel.

cuted pursuant to which the claimant received benefits for total disability. The petitioner sought to terminate those benefits as of October 4, 1977, but that petition was denied, and a second termination petition was subsequently filed, alleging that the claimant had fully recovered from his injury on or before December 5, 1978. After a hearing and the taking of testimony regarding this second petition, the referee found that, after the claimant's separation from his employment with the petitioner, he had obtained work as a truck driver for Brokenstraw Oil Corporation on June 13, 1978 from which he was discharged on that same day for a reason unrelated to his disability: his involvement in an accident causing extensive damage to his new employer's equipment.[4] An employee of Brokenstraw testified that the claimant would still have been employed if not for that accident. The referee thereupon determined that, although the claimant had a residual disability, there was work available which he could perform on June 13, 1978 and his benefits were therefore reduced from total to partial disability. On appeal, the Board reversed, holding that the claimant's disability "could well have caused the accident . . ." which resulted in his discharge and that "[t]he fact that claimant was terminated because of said accident indicates clearly that the said truck driving job was not available to claimant after claimant had experienced the accident." The Board then concluded that the petitioner had not met its burden of proving that work was available which the claimant was capable of performing[5] and his total disability compensation was reinstated.

---

[4] No finding was made as to whether or not the claimant was responsible for the accident, although the record reveals that there was conflicting testimony on that question.

[5] An employer who seeks to reduce benefits from total to partial disability has the burden of showing that work is available to a

The petitioner contends that the referee's findings of fact were supported by substantial evidence, that his conclusions of law were consistent with those findings and that the Board erred by substituting its own findings of fact and conclusions of law for those of the referee.[6]

While we agree there was substantial evidence to support the referee's finding that the claimant's accident was not caused by his disability, we must affirm the Board's conclusion that there was insufficient evidence to show that work was available to the claimant.

The only evidence presented by the petitioner as to the availability of work was the testimony of the employee of Brokenstraw to the effect that the claimant was hired as a truck driver; that he performed that job; that he was discharged due to an accident (which was unrelated to his disability); and that he would still be employed if not for this accident. Such testimony, however, establishes only that employment was available to the claimant sometime in the past and that he performed that work, but there was no showing that at the time of this termination petition, there was work as a truck driver available to him.

In *Jessop Steel Co. v. Workmen's Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 186, 309 A.2d

claimant and that the claimant is capable of performing that work. *Workmen's Compensation Appeal Board v. P.M.A.I.C.*, 23 Pa. Commonwealth Ct. 203, 351 A.2d 295 (1976).

[6] Where the party with the burden of proof has prevailed below, our scope of review and that of the Board, when it takes no additional evidence, is limited to determining whether or not there has been an error of law or a violation of constitutional rights and whether or not the referee's findings of fact are supported by substantial evidence. *Custom Concrete Corp. v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 331, 415 A.2d 989 (1980) ; *Nardone v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 360, 409 A.2d 945 (1980).

86 (1973), we specifically found that an employer had not met its burden of proving availability of work by showing that at a prior time the claimant could have taken work as a janitor when it was clear to us that such a position was no longer open. Similarly here, although the petitioner has demonstrated that work as a truck driver was available to the claimant in June of 1978, there was no showing that in December of 1978, when this termination petition was filed, such a position was still available with Brokenstraw[7] or, alternatively, that other truck driving work was available in the local labor market.[8]

We must, therefore, agree with the Board that the petitioner did not provide sufficient evidence that work was available to the claimant and we will affirm the reinstatement of benefits for total disability.

### ORDER

AND Now, this 23rd day of June, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed;

AND IT IS FURTHER ORDERED that judgment be entered in favor of Timothy L. Wenzel against International Petroleum Service and/or its insurance carrier and they are directed to pay compensation from De-

---

[7] We must agree with the Board's conclusion that the fact that the claimant was discharged from Brokenstraw in June established that work was *not* available to him with that employer in December. *Compare Halloran v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 144, 410 A.2d 420 (1980) (wherein we held that the employer had met its burden by showing that specific jobs were available to the claimant in the period immediately *following* the date of the claimed disability).

[8] An employer need not prove the existence of specific job openings offered to the claimant but may meet its burden by proving that work which the claimant could perform was generally available in the local labor market. *Dreher v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978).

146

cember 4, 1978, in the amounts established in the Notice of Compensation Payable relevant to this matter and any deferred compensation shall bear interest at the rate of ten percent (10%) per annum from the due date thereof until the date of payment.