Pypers, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Beatrice Josephine Baker, Respondents.

Argued September 14, 1981, before Judges BLATT, MacPHAIL and PALLADINO, sitting as a panel of three.

*Gary A. Hurwitz*, with him *William D. March, Scallan, March, Berman, Del Fra & Wochok*, for petitioner.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March*, for respondent, Beatrice Josephine Baker.

OPINION BY JUDGE PALLADINO, December 28, 1981:

Pypers appeals a Workmen's Compensation Appeal Board order which affirmed an award of benefits to Beatrice Baker. We vacate and remand.

Where the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether or not there has been an error of law, a violation of constitutional rights, or the referee's findings are supported by substantial evidence. *International Petroleum Service v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 141, 430 A.2d 1055 (1981).

The central issue before us is whether Baker was within the scope of her employment when she was injured. Eligibility for benefits under Section 301(c) of The Pennsylvania Workmen's Compensation Act,[1] is dependent on an injury occurring in the course of em-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

ployment, which includes an injury in the furtherance of an employer's business.

The only finding of fact[2] made by the referee relative to this issue is:

> 2. Claimant worked the evening of January 13, 1977 performing her regular job responsibilities in the kitchen. By the time she left, it was approximately 1 o'clock A.M. or 1:30 A.M. —thus making it the morning of January 14, 1977.

We cannot determine whether Baker was in the course of her employment based on the record before us.

The Board's order affirming the referee's determination added additional findings of fact[3] without taking additional testimony. Although it is harmless error for the Board to make an additional finding without "hearing additional evidence if the new finding is actually encompassed by a finding of the referee [,]" *Gulf Oil Co. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 443, 447, 421 A.2d 863, 865 (1980), the Board's findings here are clearly not encompassed by the referee's findings. The referee's findings are devoid of the facts necessary to support his legal conclusion as to the scope of employment.

---

[2] The record is replete with testimony as to what time Baker finished work, what she did between the time she finished and the time she physically left the premises. However, the Referee failed to make any of the necessary findings of fact that would allow this Court to review the legal conclusion that Baker was within the scope of her employment at the time she was injured.

[3] The Board affirmed the Referee, stating that his conclusions were based on competent evidence. However, in order to reach this result the Board added findings of fact as to the time that Baker finished work (12:30 a.m.) and the fact that she joined her daughter in the restaurant to socialize. From these facts the Board reached the conclusion that "the temporary departure of the Claimant, to socialize for a brief period of an hour or so," would not take her out of the scope of her employment.

We are constrained to remand this case for fact findings on the issue of whether Baker was within the scope of her employment when she was injured.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-76132, dated March 20, 1980 is vacated and remanded for proceedings consistent with this opinion.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent.

I believe that the Board's additional findings of fact that the claimant (1) finished work at 12:30 a.m., and (2) that she joined her daughter in the restaurant are harmless error inasmuch as such findings of fact *were encompassed* by the referee's findings. *Gulf Oil Co. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 443, 421 A.2d 863 (1980) ; *Firestone Tire and Rubber Co. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 142, 396 A.2d 902 (1979). The referee specifically found in footnote No. 2 that the claimant

worked the evening of January 13, 1977 performing her regular job responsibilities in the kitchen. By the time she left, it was *approximately 1 o'clock A.M. or 1:30 A.M.*—thus making it the morning of January 14, 1977. She left her place of employment, and got into her car which was parked on the parking lot of Pypers Restaurant. The car would not start, and the Claimant's *daughter* and friend came over (they had been in the restaurant) and they tried to help her start the car. (Emphasis added.)

Further, in finding of fact 11, the referee again specifically found that the claimant's

usual working hours were between 4:45 P.M. and 1:00 or 1:30 A.M. I also find as a fact, that because she was an employee of the Defendant, she was allowed to continually park on the Defendant's parking lot whenever she drove to work.

Obviously, such facts provide a sufficient basis for a course of employment conclusion. *See, e.g., Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975).

Inasmuch as these factual findings encompass the Board's additional findings, I believe, therefore, that a remand is inappropriate here and would affirm the order of the Board.