309 NISSAN, Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (HOROWITZ),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2002.
Decided Jan. 7, 2003.
Publication Ordered March 7, 2003.

Andrew E. Greenberg, Norristown, for petitioner.

No appearance entered on behalf of respondent.

Before PELLEGRINI, J., LEAVITT, J., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Petitioner 309 Nissan (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed, but modified, an order of a Workers' Compensation Judge (WCJ) that granted Employer's Suspension Petition. We reverse the Board's modification of the WCJ's order.

On May 27, 1998, Edward Horowitz (Claimant) sustained a cervical strain or sprain injury, in the course and scope of his work as a car salesman for Employer, when he was involved in a motor vehicle accident during a test drive. Employer thereafter issued a Notice of Compensation Payable, pursuant to the Pennsylvania Workers' Compensation Act[1] (Act), under which Claimant began receiving benefits.

On June 28, 1999, Employer filed a Suspension Petition (Petition) alleging, *inter alia,* that Claimant had recovered from his injuries, and that on May 20, 1999, Employer had offered Claimant the opportunity to return to his pre-injury job without a wage loss. Employer's Petition further alleged that Claimant had failed to respond to that job offer in good faith. Claimant answered Employer's Petition, denying the material allegations therein.

Hearings were subsequently held before the WCJ, at which both parties testified and presented evidence. The following relevant facts, as found by the WCJ, are not in dispute by either party.

In his decision and order of December 18, 2000, the WCJ found that Employer's medical witness was more credible than Claimant's, and specifically found that Claimant had recovered from his work-related injuries and could return to work as of April 7, 1999. WCJ's Decision, Reproduced Record (R.R.) at 89a–90a. The WCJ further found that, by correspondence dated September 1, 1999, Employer had offered Claimant his pre-injury sales position, and that Claimant would be allowed to draw $200.00 weekly against his commissions, which pay schedule was the same as had existed for Claimant prior to his injury. *Id.* at 90a. The WCJ further found that Claimant never contacted Employer concerning the offered position. *Id.*

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,*   77 P.S. §§ 1–1041.4; 2501–2626.

The WCJ concluded that Employer had sustained its burden of proof that Claimant had sufficiently recovered from his work-related injuries to return to his pre-injury position without any earnings loss. *Id.* at 91a. The WCJ specifically noted in his conclusions that, although Claimant's position involved commission sales, there was no evidence that his commission earnings would be any different than they were prior to Claimant's work-related injury. *Id.* Accordingly, the WCJ granted Employer's Petition as of September 1, 1999.[2]

Claimant thereafter timely appealed the WCJ's order to the Board, which heard the appeal without taking any further evidence. Before the Board, Claimant asserted that his Average Weekly Wage (AWW), used to calculate his benefits under the Act, merited only a modification, and not a suspension, of Claimant's benefits when compared to Employer's return to work offer. Claimant argued that Employer had failed to show that the wages Claimant would receive in resuming his pre-injury position, as offered by the September 1, 1999 letter from Employer, would be equal to or greater than his AWW. In response to this argument, the Board wrote:

> Citing the "earning power" language of Section 306(b)(2) [of the Act, 77 P.S. § 512(2) ], Claimant argues that [Employer] did not comply with it because it failed to show what Claimant's specific wage would be at the pre-injury position, and that suspension is inappropri-ate because [Employer] failed to show that the wages at his pre-injury position would be equal to or greater than his AWW. We agree with Claimant that [Employer] did not prove that Claimant's acceptance of its job offer would not result in a wage loss. On the contrary, Mr. Lewis' testimony only shows that the pre-injury position would pay Claimant $200.00 per week, whereas Claimant's AWW is $613.00 for a weekly benefit is [sic] $408.67. We therefore modify the WCJ's Decision to the extent that he granted a suspension of Claimant's benefits, rather than a modification based on the $200.00 weekly draw.

Opinion of the Board, R.R. at 103a. The Board, by order and decision dated April 29, 2002, affirmed the WCJ's order but changed the WCJ's suspension of Claimant's benefits to a modification based on the $200.00 weekly draw provided for in Employer's job offer.

▮▮▮ Employer[3] now petitions for review[4] of the Board's order, alleging solely that the Board erred in modifying the WCJ's suspension of Employer's benefits pursuant to Section 306 of the Act, in the face of credited evidence of record that Claimant was capable of returning to his pre-injury job at the same earning power that Claimant previously enjoyed prior to his work-related injury.

▮▮▮ An employer meets its burden in a suspension proceeding when the employ-

---

2. Employer also filed a Termination Petition which was denied by the WCJ. Additionally, Claimant filed a Penalty Petition which was denied by the WCJ. Neither of those denials is presently before this Court.

3. We note that Claimant, on September 18, 2002, filed with this Court a Notice of Non–Participation pursuant to Pa.R.A.P. 908. Accordingly, only Employer has submitted a brief in this matter.

4. This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

er establishes that a claimant has recovered all of his or her earning power. *Trimmer v. Workers' Compensation Appeal Board (Monaghan Township)*, 728 A.2d 438 (Pa.Cmwlth.1999). Where a claimant has returned to work, the employer is not required to establish that the claimant's current earnings match his or her pre-injury earnings; it is sufficient to establish that the claimant's earning power is no longer affected by the work-related injury. *Id.* However, if the evidence establishes only that the claimant has regained some, rather than all, of his or her pre-injury earning capacity then benefits are modified rather than suspended and the claimant will continue receiving a portion of his or her original benefits. *Id.*

Section 306(b) of the Act reads, in part relevant to the instant appeal:

Schedule of compensation for disability partial in character

(1) For disability partial in character caused by the compensable injury or disease ... sixty-six and two-thirds per centum of the difference between the wages of the injured employe, as defined in section 309, and the earning power of the employe thereafter; but such compensation shall not be more than the maximum compensation payable ... The term "earning power," as used in this section, shall in no case be less than the weekly amount which the employe receives after the injury ...

(2) *"Earning power" shall be determined by the work the employe is capable of performing* and shall be based upon expert opinion evidence which includes job listings with agencies of the department, private job placement agencies and advertisements in the usual employment area. Disability partial in character shall apply if the employe is able to perform his previous work or can, considering the employe's residual productive skill, education, age and work experience, engage in any other kind of substantial gainful employment which exists in the usual employment area in which the employe lives within this Commonwealth.

77 P.S. § 512 (footnotes omitted; emphasis supplied).

In *Harle v. Workmen's Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995), our Supreme Court addressed an issue similar to the crux of the instant matter. In *Harle,* the Court addressed the issue of whether a termination or suspension of benefits was appropriate in a situation where, following an employer's cessation of business, a claimant returns to work for a different employer performing the same duties as his pre-injury job, but at a lower wage. Although that factual pattern is distinct from the one *sub judice,* the Supreme Court's discussion of Section 306(b), and its discussion of "earning power" as contrasted with actual wages earned post-injury, is instructive:

We find it significant that the legislation states that "'earning power' ... shall in no case be *less* than the weekly amount which the employe receives after the injury ...." [emphasis in original]. The inference suggested by this language is that "earning power" can, in some cases, be more than the employee is receiving in actual wages after the injury. In other words, benefits for partial disability are based on the difference between preinjury earnings and post-injury earning power, not post-injury earnings, although in no case can the difference be greater than the difference between pre-injury earnings and post-injury earnings.

Pursuant to this reading of the statute, *an employee whose earning power is no longer affected by his work-related*

*injury is no longer entitled to partial disability benefits, even though his earnings may not match his pre-injury earnings.* [Emphasis supplied].

*Harle,* 540 Pa. at 488, 658 A.2d at 769.

■ In the case *sub judice,* the analysis of *Harle* can be applied to the commission-based nature of Claimant's salesman position. In comparing pre-injury commission earnings to post-injury commission earning power, *Harle's* focus on the earning power and not the actual earnings is dispositive. When dealing with a return to a pre-injury commission-based position, a potential post-injury *wage loss* is irrelevant in the face of a finding that no *earning power loss* exists that is related to a claimant's work-related injury. *Accord Harle.*

In the proceedings below, the WCJ found, and neither party disputes, that Claimant's position was one based solely upon commission, but which allowed the salesman to "draw" from that commission weekly. R.R. at 90a. The WCJ further found, and neither party disputes, that the $200.00 weekly draw on commission that was offered to Claimant in the September 1, 1999 letter from Employer was the same pay schedule that Claimant had enjoyed prior to his injury. *Id.* Claimant, and the Board, have apparently mischaracterized this $200.00 draw against earned commissions as Employer's sole and total offered wage for Claimant's return to his pre-injury position, and this mischaracterization clearly does not comport with the WCJ's findings, with the record, or with *Harle's* earning power analysis.

An examination of the record reveals that the $200.00 draw was not a description of the exact or sole wages to be paid to Claimant upon his return to his salesman position, but was a draw against his commission to be paid in any week in which Claimant failed to earn his commissions with actual sales. *Id.* at 64a–67. Additionally, the record undisputedly shows that the commission-based compensation, and the $200.00 draw, equal or exceed the payment schedule that Claimant worked under prior to his injury.[5] *Id.* at 15a–16a, 64a–67. The Board clearly erred as a matter of law in holding Claimant's commission draw to be his earning power for purposes of Section 306(b). *Harle.*

Further, and dispositive of this matter, are two WCJ findings. First, the WCJ expressly found that Claimant was physically capable of returning to his pre-injury position without restrictions. R.R. at 89a. That finding is supported by substantial evidence of record, namely the testimony of Employer's medical expert, and has not been challenged.

■ Secondly, the WCJ also found[6] that no credible evidence of record exists indicating that Claimant's commission earnings would be affected by his injuries in his return to his pre-injury position.[7] *Id.* at 91. Under the facts of this case, Claimant's unchanged potential to achieve his prior commission earnings in his return

---

5. Although the WCJ found that the pay schedule was equal both pre- and post-injury, the record appears to establish that Claimant received a $75.00 pre-injury draw, and was offered a $200.00 post-injury draw. Regardless of this discrepancy, our analysis and disposition remain unchanged, and any error on this point by the WCJ is harmless.

6. Although the WCJ stated this finding in the Conclusions of Law section of his opinion, it

is a finding nonetheless, and being both supported by substantial evidence of record and unchallenged, cannot be disturbed by the Board or this Court. *Lehigh County.*

7. We emphasize that neither Claimant in his appeal to the Board, nor the Board in its opinion, cite to any credible evidence of record that Claimant's earning power remains affected by his work-related injuries.

to his pre-injury position, without any credible evidence of record indicating a decrease in that potential attributable to his work-related injuries, constitutes his post-injury earning power and establishes no loss therein. Loss of earning power is a question of fact, and if there appears in the record before the WCJ such relevant evidence as a reasonable mind might accept as adequate to support a conclusion with respect thereto, the Board and this Court are precluded from disturbing those findings even if evidence of record exists to the contrary. *Nardone v. Workmen's Compensation Appeal Board,* 48 Pa. Cmwlth. 360, 409 A.2d 945 (1980).

The above-cited findings, which are supported by the record as a whole, support the WCJ's conclusion that Claimant in this case suffered no loss of earning power as of September 1, 1999, and therefore a suspension of Claimant's benefits is merited. *Harle; Accord Landmark Constructors, Inc. v. Workers' Compensation Appeal Board (Costello),* 560 Pa. 618, 747 A.2d 850 (2000) (Even if still afflicted with a physical impairment, a claimant who returns to his time-of-injury job without restrictions is not entitled to continued receipt of benefits unless it can be shown that the claimant suffers a loss of earning power due to his work-related injury, and an employer need not show job availability under these circumstances.).

As such, the Board erred in modifying the WCJ's suspension of Claimant's benefits when it mischaracterized Claimant's $200.00 commission draw as Claimant's post-injury earning power under Section 306(b) of the Act.

Accordingly, we reverse that aspect of the Board's order modifying the WCJ's decision and order.

### ORDER

AND NOW, this *7th* day of *January,* 2003, the order of the Workers' Compensa-tion Appeal Board, dated April 29, 2002, at A00–3396, is reversed in regards to its modification of the appealed order of the Workers' Compensation Judge.