524 A.2d 1046

Pypers, Petitioner *v.* Workmen's Compensation Appeal Board (Baker), Respondents.

Submitted on briefs December 12, 1986, to Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*William D. March,* with him, *Gary A. Hurwitz, March & Hurwitz,* for petitioner.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie & March,* for respondent, Beatrice Josephine Baker.

OPINION BY JUDGE PALLADINO, April 24, 1987:

Pyper's Restaurant (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding benefits to Beatrice Josephine Baker (Claimant). For reasons set forth below, we reverse.

Claimant was awarded compensation benefits for injuries sustained when she slipped on a patch of ice in a parking lot adjoining the restaurant where she worked. After the Board affirmed, Employer appealed to this court claiming no finding as to whether the injury occurred in the course of employment, and in *Pypers v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 414, 439 A.2d 836 (1981), we remanded the matter to the Board for findings of fact on that issue.

On remand and after a new hearing, the referee again awarded benefits to Claimant. In this decision, the referee adopted the findings and conclusions of the original decision and added a single finding that "the injury that Claimant sustained was within the scope of her employment and that the actions prior to the injury

merely represented a temporary departure from her work." The Board affirmed the referee's decision, and this appeal followed.[1]

As was stated in the prior opinion in this case, the central issue is whether Claimant, at the time of her injury, was acting within the course of her employment. Whether an employe is within the course of his or her employment when an injury occurs is a conclusion of law subject to our review. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa. Commonwealth Ct. 504, 503 A.2d 1096 (1986). Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1) states in pertinent part:

> The term 'injury arising in the course of his employment,' as used in this article, . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether on the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises . . . sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, . . . the employe's presence thereon being required by the nature of his employment.

The statute establishes that, for workmen's compensation purposes, an employe will be considered to have suffered an injury arising in the course of employment

---

[1] Our scope of review of an administrative agency decision is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

under two separate circumstances: either (1) where the employe is injured while actually engaged in furtherance of the employer's business or affairs; or (2) where the employe is injured on the premises of the employer even though not actually engaged in furtherance of the employer's business or affairs, but only if the nature of his or her employment requires the employe's presence.

In order to be eligible for benefits, Claimant, in the instant case, must have been in the course of employment under the second circumstance stated above at the time she was injured. In this regard, there are two issues for our review:[2] one being whether the employe is injured on the premises occupied by or under the control of the Employer; the other being whether the employe was required to be on the employer's premises by the nature of his or her employment. *See Penn Pad Co. v. Workmen's Compensation Appeal Board (Altholz)*, 83 Pa. Commonwealth Ct. 490, 478 A.2d 497 (1984). Claimant must prove both elements of this test in order to satisfy the burden of proof that her injury arose in the course of employment.

In the matter before us, the referee found that Claimant's actions prior to her injury merely represented a temporary departure from her work. With respect to those actions, the referee specifically found the testimony of Claimant and her witnesses to be credible. Claimant described her actions as follows:

Q: When you finished work on the night we are talking about, okay, did you go out and see your daughter?

A: Yes.

Q: What did you do then?

---

[2] That the injury was caused by the condition of Employer's parking lot is not here contested.

A: I was done working, and I went over; and I joined my daughter because they came in to have a little recreation. I went over with them, and we were all partying together. I danced, different people [sic], and I danced with them.

John Daniels, a Claimant witness whom the referee also specifically found credible, testified as well on the events of the evening:

Q: The point I'm trying to get to is that as far as you know, the entire period of time that you were there and the relationship that you shared with her [Claimant] at that time was social, in that she was drinking and socializing with various people in this place of business?

A: Yes, she works there, and she knows a lot of people in there, and like she was talking to a lot of people—waitresses and—

Q: I take it she wasn't working?

A: When I first went in she was.

Q: When did she join your party?

A: I guess approximately a half-hour or so after I got there.

Q: Which would be about one o'clock?

A: About one or a little after maybe.

Q: She was with you, not working, for a period of an hour?

A: Yes.

It is clear from the above testimony that Claimant's activities upon finishing her duties and before being injured amounted to more than a mere temporary departure from her employment. Rather, she had completed her duties as a kitchen aide, the position for which she was hired, and then embarked on a course of social recreation separate and distinct from the duties of her employment. Having finished her work, she was no longer required by the nature of her employment to be pres-

ent in Employer's establishment, and, in her recreational capacity, she assumed the same status as the other patrons. Therefore, when Claimant terminated her duties and began socializing with customers in the restaurant as an ordinary patron, she ceased to be within the course of her employment for purposes of workmen's compensation.[3] Since the injury occurred after she had left the course of her employment, it is not compensable under Section 302(c).

Accordingly, the order of the Board is reversed, and benefits are denied.

## ORDER

AND NOW, April 24, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

Judge COLINS dissents.

---

[3] Having concluded that Claimant was not required by the nature of her employment to be at the restaurant when she was injured, we need not consider whether the injury occurred on the employer's premises within the meaning of Section 302(c).