559 A.2d 79

**David R. MENTZER, Appellant,**

v.

**Frank A. OGNIBENE, Joel Galinn, Arthur Ognibene, F.A.O. Land Management and Development Company, Leonard S. Fiore, Inc., Centre Region Council of Government, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1989.

Decided May 18, 1989.

180

Alexander H. Lindsay, Jr., Lindsay & Lutz, Butler, for appellant.

John W. Blasko, State College, and Michael P. Schaefer, Bethel Park, for Frank A. Ognibene, et al.

Lee Gordon Nollau, Jubelirer, Nollau, Young and Blanarik, Inc., State College, for Borough of State College and Centre Region Council of Government.

Darryl R. Slimak, John W. Blasko, McQuaide, Blasko, Schwartz, Fleming & Faulkner, Inc., State College, for Leonard S. Fiore, Inc.

Before CRAIG and BARRY, JJ., and KALISH, Senior Judge.

## OPINION

BARRY, Judge.

David R. Mentzer (appellant) appeals from orders of the Court of Common Pleas of Centre County sustaining the demurrer of Leonard S. Fiore, Inc. (Fiore) to the first count of appellant's second amended complaint and the demurrer of the Borough of State College and the Centre Region Council of Government (municipal defendants) to the eighth count of appellant's second amended complaint.

Appellant is employed by Fiore, which is engaged in the construction business, as a laborer. On or about June 28, 1985, while constructing an exterior wall on a multi-family dwelling at 953–959 Southgate Drive in the Borough of State College, appellant stepped through a hole cut in the floor for the internal stairway of the building and fell eighteen feet onto a concrete floor. At the time of this

accident, there were no safety devices installed in the building which would have prevented the appellant from falling into the open hole.

Appellant thereafter commenced an action against, inter alia, Fiore in order to recover compensatory and punitive damages. By a second amended complaint, he brought the municipal defendants into the action. All the defendants filed preliminary objections to the second amended complaint. The trial court sustained the demurrers to those counts of the second amended complaint relating to Fiore and the municipal defendants and dismissed the demurrers to those counts of the second amended complaint which related to other defendants. This appeal followed.

■ Two issues are presented for our consideration. The first of those two issues is whether the appellant had pleaded facts establishing a cause of action against Fiore which was not barred by the statutory immunity provided to employers by reason of Section 303(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 481(a).

In the first count of his second amended complaint, appellant pleaded facts establishing that, prior to his accident, other employees of Fiore had fallen and sustained injuries as a result of failure to install safety devices which would have prevented such falls; that Fiore had been previously cited by the Occupational Safety and Health Administration (OSHA) in connection with other projects for violating OSHA regulations requiring the installation of safety devices which would have prevented such falls; and that Fiore had, in the past, demonstrated a general unwillingness to comply with OSHA regulations. He alleged that, prior to his accident, other employees of Fiore had complained to one of the foremen about the lack of guard rails or other safety devices around the open stairwells and were informed by that individual that there was no time to install such devices and that installation of safety devices would be disapproved by officers of Fiore who would be on the job site. He also alleged that, after his accident, one of

Fiore's officers ordered employees to put up guard rails around the hole in the floor through which he fell before OSHA investigators arrived and to lie to OSHA investigators by telling them that the guard rails had been up at the time of his fall.

In response to these allegations, Fiore filed a preliminary objection in the nature of a demurrer by which it raised the defense of employer immunity by reason of the "exclusivity" provision of Section 303(a) of the Act. The trial court, relying primarily upon *Poyser v. Newman & Co.*, 514 Pa. 32, 522 A.2d 548 (1987), sustained that demurrer.

In *Poyser*, the plaintiff suffered a loss of a portion of his small finger when his hand came in contact with a spinning saw blade on a "notching" machine he was operating in the course of his employment. As a result of the injury, he instituted a civil action against his employer, partly on the theory that it had caused his injury by willfully disregarding governmental safety regulations and by deliberately exposing him to a known hazard. In his complaint, plaintiff alleged that the employer, despite its awareness of the danger posed by the notching machine, forbade its workers from using a certain "feeding" device which would have greatly reduced the risk of hand injury. He also alleged that the employer knew that the notching machine did not comply with federal and state safety regulations and, for that reason, directed him to remove it on the eve of an OSHA inspection which took place before the accident. It was again placed in full operation when the safety inspectors departed. According to plaintiff's complaint, the employer's course of conduct amounted to a deliberate and wanton disregard for the safety of its workers. In his appeal from the trial court's granting of judgment on the pleadings in favor of the employer on the basis of employer immunity by reason of the "exclusivity" provision of Section 303(a) of the Act, the plaintiff argued that the employer's willful and wanton disregard for employee safety was the legal equivalent of an intentional tort and, as such, should have precluded the employer from asserting that

immunity. It was also his contention that the employer's act of deliberately concealing the defective machine from OSHA inspectors disqualified it from having the protection of that provision.

In rejecting the plaintiff's arguments, the Supreme Court observed that "[t]here is no Pennsylvania judicial authority supportive of the result the employee seeks." 514 Pa. at 37, 522 A.2d at 551. The court also observed that there is no provision in the Act which expressly preserves the right of an employee to sue his employer in tort if his or her injury is caused by an employer's intentional wrongdoing. 514 Pa. at 38, 522 A.2d at 551. Chief Justice Nix writing for the majority, went on to say the following:

> The appellant's argument is an interesting one; but it is one that must be resolved by the General Assembly, not this Court. What he is asking us to do is to engraft upon section 303(a) of the Act an exception the legislature did not see fit to put there. A reading of the Act will disclose that the legislature was not unmindful of the issue of intentionally caused harm.... Since it is clear that the legislature had the issue of intentional harm in mind, and yet did not mention it in connection with section 303(a), we are constrained to conclude that the legislature did not intend the result for which the appellant argues.

*Id.*

Appellant asserts that he has alleged in the first count of his second amended complaint that the employer and its agents and employees intentionally inflicted harm upon him. Relying upon the decision of the Superior Court in *Barber v. Pittsburgh Corning Corporation,* 365 Pa. Superior Ct. 247, 529 A.2d 491 (1987), he argues that a cause of action based on such a theory of relief is not barred by reason of Section 303(a) of the Act and that the Supreme Court did not hold so in *Poyser.* In *Barber,* the Superior Court concluded that the Occupational Disease Act does not preclude a suit by an employee against the employer for an "intentional tort". 365 Pa. Superior Ct. at 259, 529 A.2d at 498.

Subsequent to the filing of briefs in this appeal however, the Supreme Court, in *Barber v. Pittsburgh Corning Corporation*, 521 Pa. 29, 555 A.2d 766 (1989), reversed the Superior Court's *Barber* decision. In doing so, the Court expressly stated that, in *Poyser*, it had held "that the [Act] does not permit a common law cause of action for injuries caused by the intentional tort of the employer", 521 Pa. at 32, 555 A.2d at 768; that "the exclusivity provision, Section 303 of the [Act], ..., bars a common law action against an employer to recover damages for an intentional tort which injured the employee", 521 Pa. at 33–34, 555 A.2d at 769; and that there was not an "intentional tort exception to the exclusivity provision of the [Act]", 521 Pa. at 36, 555 A.2d at 770.

Consequently, in light of the Supreme Court's decisions in *Poyser* and *Barber*, it must be concluded that the appellant is barred from recovering damages against Fiore on the theory that it committed an intentional tort upon him.

 Relying upon the decisions in *Mike v. Borough of Aliquippa*, 279 Pa. Superior Ct. 382, 421 A.2d 251 (1980), *McBride v. Hershey Chocolate Corporation*, 200 Pa. Superior Ct. 347, 188 A.2d 775 (1963), and *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959), appellant also contends that his action against Fiore is permitted by reason of the "third party attack" exception to employer immunity from common law actions by employees. Under that exception, an employee is permitted to maintain a common law action against his employer whenever his or her injury is the result of an attack or assault by a third person or fellow employee for reasons that are personal to the attacker and not connected with the victim's employment.[1] To fit within this exception, the third party's or fellow employee's

1. This exception was derived out of the definition of "injury" appearing in Section 301(c) of the Act, 77 P.S. § 411(1). That section states that an "injury" is "an injury ... arising in the course of [an employee's] employment". The phrase "injury arising in the course of employment" is defined in the same provision so as to exclude "an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment."

act must have been motivated by his animosity against the injured employee. If the third party would have attacked a different person in the same position as the injured employee, the attack falls outside the "third party attack" exception. *Brooks v. Marriott Corporation*, 361 Pa. Superior Ct. 350, 356, 522 A.2d 618, 621 (1987).

It is the conclusion of this Court that appellant has failed to plead a cause of action that fits within the "third party attack" exception. Even if we were to equate the refusal of Fiore's supervisory personnel to have safety devices which would have prevented appellant's fall installed with an assault or attack we find no facts pleaded in the appellant's complaint that establish, or from which it can be inferred, that such action was motivated by that individual's personal animosity against the appellant.

Having concluded that there is no "intentional tort" exception to employer immunity from common law actions by employees and that appellant has failed to plead facts which would establish a cause of action that would fit within the "third party attack" exception to that immunity, we affirm the trial court's order sustaining Fiore's demurrer to the first count of appellant's second amended complaint.

The second issue presented for our consideration in this appeal is whether the appellant had pleaded facts establishing a cause of action which falls under the exception to governmental immunity established under Section 8542(b)(3) of the Judicial Code, 42 Pa. C.S. § 8542(b)(3) (real estate exception). That provision reads as follows:

"The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency.

(3) Real property.—The care, custody or control of real property *in the possession of the local agency,* except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency...." (Emphasis added.)

In reviewing the eighth count of appellant's second amended complaint, we find no allegation that either of the municipal defendants had "possession" of the building in which the accident occurred or the land on which it was being constructed. We do find allegations that the municipal defendants had "control" of the real property in question because they had the power under the BOCA Building Code, which they had adopted as an ordinance, to permit the commencement of the construction project, to stop the construction project, and to control the activity on the real property in question. We also find allegations that the municipal defendants issued a building permit to the owners of the land upon which the building in which appellant fell was being constructed and that, thereafter, inspectors employed by them inspected the construction project prior to, and on, the date of his accident.

"Possession" for the purposes of Section 8542(b)(3) of the Code has not been strictly construed to mean ownership. *Lowman v. Indiana Area School District*, 96 Pa. Commonwealth Ct. 389, 507 A.2d 1270 (1986). Therefore, the fact that the real property upon which the building in which appellant fell is owned by appellees, Frank A. Ognibene and Joel Galinn, and not by either of the municipal defendants is not determinative of this issue. However, in *Buffalini v. Shrader*, 112 Pa. Commonwealth Ct. 228, 535 A.2d 684 (1987), this Court refused to interpret "possession" pursuant to that statute to include the "control" exercised by a municipality over properties within its territorial boundaries through its zoning ordinance. Similarly, we must refuse the request of the appellant to extend the meaning of "possession" for the purposes of Section 8542(b)(3) to include "control" exercised by a governmental agency over construction projects within its territorial boundaries through an ordinance regulating such projects.

Accordingly, we must also affirm the order entered by the trial court sustaining the municipal defendants' demurrer to the eighth count of appellant's second amended complaint.

188

## ORDER

NOW, May 18, 1989, the orders of the Court of Common Pleas of Centre County, entered on June 10, 1988, at No. 87–209, are affirmed.