583 A.2d 826

**Esther PAPA, Appellant,**

v.

**FRANKLIN MINT CORPORATION, Peg Hladky and
Ed Leudtke, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 9, 1990.

Filed Dec. 21, 1990.

Barry Levin, Philadelphia, for appellant.

Louis A. Bove, Philadelphia, for Franklin Mint, appellee.

Before WIEAND, KELLY and CERCONE, JJ.

OPINION

PER CURIAM:

In this action to recover damages for depression and emotional distress alleged to have been inflicted upon the plaintiff intentionally by her employer and co-employees, the trial court entered judgment on the pleadings in favor of the defendant employer because of the exclusivity provisions of the Workmen's Compensation Act. See: Workmen's Compensation Act of June 2, 1915, P.L. 736, § 481(a), as amended, 77 P.S. § 481(a). After careful review, we affirm.

The Supreme Court of Pennsylvania has held that there is no intentional tort exception to the exclusivity clause of the Workmen's Compensation Law. See: *Barber v. Pittsburgh Corning Corporation*, 521 Pa. 29, 555 A.2d 766 (1989); *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548 (1987). The exclusivity provision is not rendered ineffective merely because the claimant-employee, in proceedings to recover workmen's compensation benefits, was unable to prove a compensable injury.[1] For injuries allegedly occurring during the course of employment, an employee's remedy is limited to those provided by the Act. If the employee fails to prove a compensable injury in workmen's compensation proceedings, such failure will not support a

1. See: *Papa v. Workmen's Compensation Appeal Board (Franklin Mint Corporation)*, 121 Pa.Commw. 10, 549 A.2d 1352 (1988).

second attempt to prove injury in a common law tort action against the same employer.

The judgment entered in favor of the Franklin Mint Corporation is affirmed.