591 A.2d 1128

**Albert VOSBURG, III and Joan Vosburg, Appellants,**

**v.**

**Edward CONNOLLY and John Connolly & Sons, Inc. a Corporation, Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 13, 1990.

Filed June 3, 1991.

122

Mark A. Ciavarella, Jr., Wilkes Barre, for appellants.
Jordan H. Pecile, Wilkes Barre, for appellee.

Before DEL SOLE, KELLY and FORD ELLIOTT, JJ.

PER CURIAM:

This is an appeal from an order entered by the trial court granting summary judgment in favor of Edward Connolly and John Connolly & Sons, Inc., and against Albert Vosburg, III and Joan Vosburg (husband and wife). We affirm in part and reverse in part.

The facts which gave rise to this appeal, as alleged in the complaint and subsequent deposition may be summarized as

follows. In 1980, Albert Vosburg (Appellant) was hired by John Connolly & Sons, Inc. (Appellee) to work as a heavy equipment operator. On May 6, 1987, Appellant was directed by Appellee to excavate a piece of property at Harvey's Lake that had previously been blasted in preparation for the construction of a tennis court. Once at the property, Appellant was approached by the owner of the land who, apparently suspicious that the previous and costly blasting operations had been unnecessary, requested that Appellant dig into the land to determine whether the earth was too solid to have been excavated without using explosives. When the ground proved to be relatively soft, the owner became infuriated and contacted Appellee. Appellant thereafter completed his work, and returned the company vehicle to the premises of Appellees' company around 4:45 p.m.

By roughly 5:00 p.m., Appellant had punched out and retreated to the parking lot of Appellee-company to socialize with fellow workers while drinking a beer. About fifteen minutes later, as Appellant was about to leave, he was stopped by Tim Connolly, one of the owners of Appellee-company, and asked about the day's excavation. Appellant explained that he had found no rock and that the owner had discovered this fact and had become very upset as a result. Tim Connolly acknowledged his own awareness of the situation and then left.

Shortly thereafter, Danny Connolly, another of the owners, pulled into the parking lot and hotly confronted Appellant about his work at Harvey's Lake, shouting vulgarities and obscenities at Appellant for failing to "keep his mouth shut." The exchange quickly escalated into a pushing match and at that point a third owner, Edward Connolly, interposed by profanely insisting that Appellant immediately leave the premises. The interruption only served to fuel the already dandered tempers, however, and when Appellant refused to comply, Edward Connolly threw Appellant to the ground, and punched him several times in the face. Severely injured and only semi-conscious, Appellant was rushed to the hospital where it was discovered that the

assault had broken his leg and necessitated four stitches in his tongue and five in the back of his head.

Appellants thereafter filed this suit claiming Appellees were responsible for intentionally and negligently causing his injuries.[1] Following the deposition of Appellant, Appellees filed a motion for summary judgment alleging that Appellants' suit was barred by the exclusivity provisions of the Worker's Compensation Act, 77 Pa.S.A. § 101, *et seq.* The trial court embraced Appellees' arguments and granted summary judgment in their favor. Appellants thereafter filed the instant timely appeal.

On appeal, Appellants' sole contention is that the trial court erred in determining that the Worker's Compensation Act barred the common law suit.

At the outset, we note that in reviewing orders granting summary judgment, our scope of review is as follows:

A motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. Moreover, it is clear that to survive a motion for summary judgment, the nonmoving party may not rely merely upon the controverted allegations of the pleadings, but must set forth specific facts by way of affidavit, or in some other way as provided by the rule, demonstrating that a genuine issue exists.

*Kerns v. Methodist Hospital,* 393 Pa.Super. 533, 536–37, 574 A.2d 1068, 1069–70 (1990); *Salerno v. Philadelphia Newspapers,* 377 Pa.Super. 83, 88–9, 546 A.2d 1168, 1170–71 (1988) (citations omitted); Pa.R.C.P. 1035(d).

1. Appellant's wife was included as a plaintiff based on an alleged loss of consortium claim.

Section 303(a) of the Worker's Compensation Act (the Act) contains the "exclusive remedy" provision at issue herein. That section provides:

The liability of an employer under this act shall be *exclusive* and *in place of* any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any *injury* or *death* as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

77 Pa.S.A. § 481(a) (emphasis added). Section 301(c)(1) defines "injury" in pertinent part as follows:

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an *injury to an employe*, regardless of his previous physical condition, *arising in the course of his employment and related thereto....* The term "injury arising in the course of his employment," as used in this article, shall *not include any injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment;* but shall include all other injuries sustained while the employe is actually engaged *in the furtherance of the business or affairs* of the employer, whether upon the employer's premises or elsewhere....

77 Pa.C.S.A. § 411(1) (emphasis added).

Instantly, Appellants' contention, reduced to its essence, is simply that *Albert Vosburg's* injury does not fall within the *Act's* definition of "injury." The determination of whether an employee is within the course of his or her employment at the time an injury occurs is a conclusion of law to be determined on the basis of facts subject to the court's review. *Oakes v. Workmen's Compensation Appeal Bd.*, 79 Pa.Cmwlth. 454, 469 A.2d 723 (1984); *Davis v. Workmen's Compensation Appeal Bd.*, 41 Pa.Cmwlth. 262, 398 A.2d 1105 (1979); *Pypers v. Workmen's Compensation Appeal Bd.*, 105 Pa.Cmwlth. 448, 524 A.2d 1046 (1977);

*Peer v. Workmen's Compensation Appeal Bd.*, 94 Pa. Cmwlth. 540, 503 A.2d 1096 (1986). In conducting such a review, the court must bear in mind that "[t]he Act does not say that the injury must 'occur' or 'be manifested' or 'be consummated' in the course of employment. It merely says that it must 'arise ... in the course of employment.' 'Arising' connotes *origin,* not completion or manifestation." *Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 122, 439 A.2d 627, 632 (1982) (*quoting* 1A, Larson, Workmen's Compensation Law § 29.22 at 5–375–76 (1978)) (emphasis added).

In discerning the appropriate application of the Act, a two step analysis has been used:

> The statute establishes that, for workmen's compensation purposes, an employe will be considered to have suffered an injury arising in the course of employment under two separate circumstances: either (1) where the employe is injured while actually engaged in furtherance of the employer's business or affairs; or (2) where the employe is injured on the premises of the employer even though not actually engaged in furtherance of the employer's business or affairs, but only if the nature of his or her employment requires the employe's presence.

*Pypers v. Workmen's Compensation Appeal Bd., supra,* 524 A.2d at 1048; *see also* 77 Pa.C.S.A. § 411(1). In addition, a corollary, so-called "third party attack" exception has been recognized. Derived directly from the Act's definition of injury,[2] courts have interpreted that exception to apply as follows.

> Under that exception, an employee is permitted to maintain a common law action against his employer whenever his or her injury is the result of an attack or assault by a third person or fellow employee for reasons that are *personal* to the attacked and *not connected with the*

**2.** *See* 77 Pa.S.A. 411(1) ("The term injury arising in the course of his employment ... shall not include any injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment....")

*victim's employment.* To fit within this exception, the third party's or fellow employee's act must have been motivated by his animosity against the injured employee. If the third party would have attacked a different person in the same position as the injured employee, the attack falls outside the "third party attack" exception. *Brooks v. Marriott Corporation,* 361 Pa.Super.Ct. 350, 356, 522 A.2d 618, 621 (1987).

*Mentzer v. Ognibene,* 126 Pa.Cmwlth. 178, 185–186, 559 A.2d 79, 82 (1989) (footnote omitted) (emphasis added); *Scantlin v. Ulrich,* 318 Pa.Super. 407, 465 A.2d 19 (1983); *Mike v. Borough of Aliquippa,* 279 Pa.Super. 382, 421 A.2d 251 (1980).[3]

■ Applying the foregoing analysis instantly, we must first determine whether appellant was injured while actually engaged in the furtherance of his employer's business. Initially, we must determine whether Appellant was actually engaged in the furtherance of Appellee John Connolly & Sons, Inc. (Connolly & Sons) business affairs, and thus the liability of employer under the Workmen's Compensation Act is the exclusive remedy. Here, Appellant asserts the following relevant facts: 1) he was injured on the premises of his employer; 2) he was injured no more than forty-five minutes after he had stopped work; and, most significantly 3) he was injured after arguing over whether his job performance was satisfactory.

Even viewed in the light most favorable to Appellant, these facts establish that his injuries were the direct result of an argument that he had with his employers, Connolly & Sons, and that this argument was founded in a purely

---

**3.** We note additionally that contrary to appellees' assertion, our Supreme Court's holding that there exists no "intentional tort exception" to the statute, *see Barber v. Pittsburgh Corning Co.,* 521 Pa. 29, 555 A.2d 766 (1989), is not itself dispositive of the issue. Our Supreme Court's ruling simply made futile the argument that *all* intentional torts claims may be brought under a common law cause of action. The question of whether the intentional injury arose while in the course of employment and whether the attack or assault was the result of personal or business related animosity are still the dispositive inquiries.

*business related controversy, i.e.,* whether Appellant improperly revealed information to a customer. The degree to which Appellant may speak on business related affairs on behalf of his supervisors, is unquestionably, a matter decided *in the course of Appellant's employment.* The mere fact that Appellant was not actually "on the clock" at the time that either the argument commenced or the injury occurred is irrelevant.[4] The method or reasonableness of the chosen form of discussion is also irrelevant. What is important is that the discussion's *origin* was, in the appropriate sense, to *further* Appellees', Connolly & Sons' business. Thus, under the relevant prior interpretations of the Act, these facts conclusively establish that Appellant was injured while actually engaged in the furtherance of Appellee, Connolly & Sons', business or affairs.

The second step of the analysis requires a determination of whether the nature of the employee's employment required his or her presence where "the employee is injured on the premises of the employer *even though not actually engaged in the furtherance of the employer's business or affairs."* As we have concluded that Appellant *was* actually engaged in the furtherance of Appellee, Connolly & Sons, business or affairs at the time of his injury, this analysis is unnecessary and inappropriate herein.[5] *See also City of*

4. *See Webster v. Worker's Compensation Appeal Board,* 92 Pa.Cmwlth. 412, 499 A.2d 1117 (1985), *allocator denied,* 514 Pa. 633, 522 A.2d 561 (1985) (claimant bartender found to have acted "in the course of employment," although fatally stabbed two hours and twenty minutes *after* his shift had ended, where he had stayed on his employer's premises and had been attempting to break up a brawl among customers at the time of his injury); *Fashion Hosiery Shops v. Workmen's Compensation Appeal Board,* 55 Pa.Cmwlth. 465, 423 A.2d 792, 797 (1980) (claimant manager/salesperson of hosiery and lingerie shop found to have acted "in the course of employment" although injury occurred between 15 and 30 minutes *before* shift was to begin, where she was about to enter and had been about to prepare to open shop).

5. We note that Appellant's reliance on *Dana Corp. v. Workmen's Compensation Appeal Bd.,* 120 Pa.Cmwlth. 277, 548 A.2d 669 (1988), *allocator denied,* 522 Pa. 606, 562 A.2d 828 (1988), and *Pypers v. Workmen's Compensation Appeal Bd. (Baker),* 105 Pa.Cmwlth. 448, 524 A.2d 1046 (1977), is misplaced. In *Dana,* the worker/claimant suffered disabling injuries in employer's parking lot after being *accident-*

*Harrisburg v. Worker's Compensation Appeal Board,* 118 Pa.Cmwlth. 22, 28–29, 544 A.2d 1078, 1080 (1988).

Finally, we find that with regard to the "third party attack" exception, we note that the record conclusively precludes the possibility that *personal animosity* lead to the attack. The hostilities encountered herein were, according to Appellant, a direct result of the day's excavation work.[6] As the assault was not for reasons *personal* to Appellant, but rather was connected with Appellant's *employment*, the "third party attack" exception is inapplicable.

Accordingly, we conclude that Appellant was an employee of Connolly & Sons, Inc., who was injured while actually engaged in the furtherance of Appellee–Corporation's business affairs, and therefore the trial court correctly held that as a matter of law, Appellant's claim against the Corporation falls within the ambit of the statutory cause of action provided in the Worker's Compensation Act, and thus, was not actionable in a common law suit. Hence, we affirm that portion of the trial court's decision.

*ly* struck by co-employee's automobile while helping to change a tire. Similarly, in *Pypers v. Workmen's Compensation Appeal Board, supra,* the injury was a result of a *slip and fall* which occurred well after claimant had completed her duties and had embarked on a course of social recreation. *See Pypers, supra,* 524 A.2d at 1048. In each of these cases the question of whether the injury arose in the course of employment was decided *not* (as here) by determining whether the claimants were, at the time of their respective injuries in *furtherance of the business or affairs of the employer,* but by reaching the secondary issue as to whether "the employe [was] injured on the premises of the employer even though not actually engaged in furtherance of the employer's business or affairs, [and] if the nature of his or her employment require[d] the employe's presence." *Pypers, supra,* 524 A.2d at 1048; *see also Dana, supra,* 548 A.2d at 670. As the facts in the instant case make clear that appellant *was,* at the time of his injury, acting in the furtherance of appellees' business or affairs, the cases cited by appellant are of no consequences herein.

6. Appellant's actual testimony was as follows. "I was leaving. Well Tim Connolly himself stopped me, and said, how did you make out there, Albert. And I said, well, you know, I'm getting it. I said, I dug through. See, that's more or less you have got to understand. This is why the incident started...." Deposition of Albert Vosburg at 12–13.

■ We must further determine whether this defense also inures to the benefit of Appellant–Vosburgs' co-employee, Appellee Edward Connolly, who acted in an intentional manner to inflict serious harm upon Vosburg and who was responsible for the resulting injuries. We find that he is not entitled to this protection.

Our legislature has provided for liability of fellow employees in Title 77 P.S. § 72, which states as follows:

§ 72 Liability of Fellow Employe

If disability or death is compensable under this act, a person shall not be liable to any one at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, *except for intentional wrong*. (emphasis added).

In the instant case, a business related dispute arose between employee-Vosburg and Daniel Connolly which quickly escalated into a shoving match. Appellee–Edward Connolly interceded, throwing Vosburg to the ground and hitting him several times in the face, causing Vosburg severe injuries. We find that Edward Connolly can be characterized as an employee of John Connolly & Sons Inc., and thus as a fellow-employee of Appellant–Vosburg upon whom he committed an intentional assault. Therefore we hold that the intentional wrong exception of § 72 applies and Appellant Vosburg is entitled to pursue a civil remedy against Appellee, Edward Connolly.

Our Court in *Higgins v. Clearing Machine Corporation,* 344 Pa.Super. 325, 496 A.2d 818 (1985) distinguished between non-actionable intentional misconduct such as an employer's knowing violation of safety requirements and actionable intentional misconduct, such as an employer's physical assault upon an employee. *McGinn v. Valloti,* 363 Pa.Super. 88, 525 A.2d 732 (1987). In determining the nature of the intentional tort that will give rise to a cause of action under section 205 (77 P.S. § 72). We examine whether the "intentional wrong" is one that is not normally expected in the workplace. An employee does not normally

expect a physical assault ... *Id.*, 363 Pa.Superior Ct. at 94, 525 A.2d at 735. Also, it is inconceivable that the Compensation Act should operate to insulate a person who commits a physical assault on a co-worker. Since Appellant was the victim of an unanticipated intentional wrong at the hands of a fellow employee, Edward Connolly, occurring at their place of employment, we reverse the granting of the summary judgment in favor of Edward Connolly and allow Appellant to maintain a law suit against him.

Affirmed in part, reversed and remanded in part. Jurisdiction Relinquished.