604 A.2d 1068

**Judith HERSHEY, Appellant,**

**v.**

**NINETY-FIVE ASSOCIATES and Blair Mahoney, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1992.

Filed March 16, 1992.

Eugene H. Miller, Chester, for appellant.

Harold L. Frank, Wayne, Lawrence L. Robinson, Philadelphia, for appellees.

Before ROWLEY, President Judge, and OLSZEWSKI and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an order granting appellees' motion for summary judgment. The only issue on appeal is whether the trial court erred in finding that appellant's exclusive remedy is workman's compensation and, therefore, erred in granting the motion for summary judgment. For the reasons set forth below, we affirm.

On April 9, 1987, appellant was working her regular shift as night auditor at the Howard Johnson Hotel. At approximately 6:40 a.m. appellant was counting the money in the cash drawer when an unidentified male jumped over the counter. The man grabbed appellant by the hair, put a razor to her throat, and dragged her into the back offices. Thereafter, appellant was struck repeatedly as the assailant attempted to remove her clothing. Fortunately, appellant

was then able to escape the assailant. Apparently, however, before leaving the hotel, the assailant took some money from the cash drawer. It is undisputed that appellant had no prior relationship with the assailant, and that she had never seen him before.

Appellant filed a suit against appellees for personal injury allegedly caused by the appellees' negligence which resulted in her assailant's opportunity to attack. Thereafter, appellees filed a motion for summary judgment asserting that appellant's common law action against appellees was barred under the Pennsylvania Workmen's Compensation Act. The motion for summary judgment was granted, and appellant filed this appeal.

The only issue before us on appeal is whether appellant's common law action against her employer for personal injuries sustained when she was sexually assaulted by an unknown assailant while in the course of her employment on her employer's premises is barred under the provisions of the Pennsylvania Workmen's Compensation Act.

■ As a general rule, the Pennsylvania Workmen's Compensation Act provides the exclusive remedy for employees who seek recovery for injuries sustained in the course of their employment. *Wagner v. Natural Indemnity Co.*, 492 Pa. 154, 422 A.2d 1061 (1980). The Act provides a specific exception, however, in cases wherein the injury is caused intentionally by third parties. Section 301(c) of the Act provides in pertinent part that

> The term "injury arising in the course of his employment", as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment ...

In such cases, the employee can pursue her common law remedies against her employer, and attempt to prove that the employer was negligent in failing to take precautions necessary to prevent a foreseeable attack by the third

party. This provision of the Act, however, has been narrowly construed by our courts to allow recovery only in cases where the third party's actions were motivated by a history of personal animosity toward that particular employee. *Mike v. Borough of Aliquippa,* 279 Pa.Super. 382, 421 A.2d 251 (1980).

In *Brooks v. Marriott Corp.,* 361 Pa.Super. 350, 522 A.2d 618 (1987), we discussed the exception for injuries inflicted by third parties as provided for in Section 411:

> This exception to the coverage of the Act applies to situations in which the third-party's acts were motivated by a feeling of animus against the particular person injured. If the third-party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception and is covered exclusively by the Act.

In the *Brooks* case, the employee was stabbed and beaten to death by an unknown person while working at his employer's restaurant following the robbery of the restaurant. The employee's personal representative sued the employer, and alleged that the employee was attacked for reasons which were personal to the attacker, and not because of her status as an employee of the restaurant. The *Brooks* court reversed the grant of preliminary objections against the estate, but stated that to prevail at trial appellant would have to prove that the deceased was killed after the accomplishment of the robbery for reasons not connected with her status as an employee, and that the attacker had personal animus toward the victim which was the motivation for the stabbing.

In a case which was very similar to the instant case, the Commonwealth Court affirmed the trial court's grant of summary judgment on the basis that the employee's remedy was limited to the Workmen's Compensation Act. In *Holland v. Norristown State Hospital,* 136 Pa.Cmwlth. 655, 584 A.2d 1056 (1990), a state hospital security employee was assaulted and raped by a committed psychopath during the course of her employment. The victim contended that the

rape was directed at her as a woman, and not as an employee, and therefore her recovery was not limited to the Workmen's Compensation Act. The Commonwealth Court disagreed, and held that

> In the present case, there is no allegation of a pre-existing personal animosity between the patient and Holland. Although Holland was most likely attacked because she was a woman, the patient would have attacked any woman in that situation. She was attacked not because the patient's animosity was personal to her but because of her position as an employee of Norristown, and as such, her remedy is limited to compensation under the Act.

*Id.,* 136 Pa.Cmwlth. at 664, 584 A.2d at 1060.

In the instant case, appellant argues that the fact that her assailant attempted to rape her established that the attack upon her was motivated by a feeling of animus or personal animosity.[1] Appellant argues that because of the nature of sexual assaults, proof of past personal animus is not required. She contends that she should be given a chance to prove at trial that rape is generally directed at the victim with personal enmity, and that therefore, the Workmen's Compensation Act is not her exclusive remedy. We disagree and find that appellant cannot rely upon the sexual nature of her attack to establish that the attack occurred for reasons personal to her assailant. Appellant admits that she did not know her attacker, and that she had no prior contact with him. As such, appellant is not in a position to prove that the attack was a result of a pre-existing animosity between appellant and her assailant. Any evidence, whether it be by expert testimony at trial or by the testimony of the victim herself, regarding the "personal" nature of sexual assaults would not satisfy appel-

---

1. It is interesting to note that in appellant's original complaint there was no allegation that the attack was the result of personal animosity. Only after appellee filed preliminary objections challenging the sufficiency of the complaint, did appellant amend the complaint to include an allegation that the attack was a result of the personal animosity of the assailant, and not from the relationship of her employment.

lant's burden of proving that her attack was a result of the assailant's personal animus against the victim. Appellant is unable to prove that the assailant would not have attacked any woman who had been standing behind the desk when he entered appellee's hotel on April 9, 1987. Accordingly, the trial court correctly granted the motion for summary judgment and found that appellant's exclusive remedy was the Workmen's Compensation Act.

Order affirmed.

OLSZEWSKI, J., dissents.

OLSZEWSKI, Judge, dissenting.

The instant case is Judith Hershey's appeal from the order entered April 16, 1991, granting Ninety–Five Associates' motion for summary judgment.[1] This action stems from a sexual assault perpetrated by an unknown assailant on appellant while she was employed by appellees' hotel. Ninety–Five Associates' first summary judgment motion, claiming that appellant's common law action against them was barred by the Workmen's Compensation statute, was denied by Judge Anthony Semeraro on June 20, 1990. Thereafter, the case was transferred to Judge J.R. Barclay Surrick, who upon motion of Ninety–Five Associates, reconsidered and granted the motion for summary judgment on April 16, 1991. Finding that the grant of summary judgment was improper in this case, I dissent from the majority's disposition.

This action developed from the following factual scenario. On April 9, 1987, at approximately 6:40 a.m., Ms. Hershey was working as a night auditor at a Howard Johnson Hotel owned and operated by appellees. Her responsibilities included adding up daily receipts and counting money. As she was standing behind the desk counting money from the cash drawer, the assailant leaped over the counter, grabbed Ms. Hershey by her hair, placed a razor at her throat, and

1. Though on this appeal appellant is identified as Judith Hershey, appellant's name due to her marriage is now Judith Ianna.

dragged her into a back office. The assailant struck appellant repeatedly and attempted to remove her clothing. Ms. Hershey was ultimately able to escape the assailant. However, before fleeing the scene the assailant removed money from the cash register. Appellant neither knew nor had ever before seen her assailant at the time of the attack.

Appellant argues that the attack was motivated by personal animus toward her, which removes this incident from the scope of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 et seq., and entitles her to a private cause of action against appellees. Appellant's argument for a private cause of action is also based on her allegation of appellees' negligence, which resulted in her assailant's opportunity for attack. On the other hand, appellees argue that the attack was prompted by the assailant's intention to rob the hotel, that it occurred in the course of Ms. Hershey's employment, and therefore worker's compensation is the exclusive remedy.

The benchmark for review of summary judgment actions is that summary judgment is properly granted only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.A.; *Marks v. Tasman*, 527 Pa. 132, 136–138, 589 A.2d 205, 207 (1991). The record is viewed in the light most favorable to the non-moving party, and all doubts concerning the existence of a genuine issue of material fact must be resolved against the non-mover. *Id.* In the case at bar, I find that there is a genuine issue of material fact relating to the attacker's motivation; I cannot conclude from the pleadings herein that Ms. Hershey's cause of action is barred by the Workmen's Compensation Act.

Appellant's amended complaint states that:

5. On or about April 9, 1987, Plaintiff, Judith Hershey, was working as a clerk for Defendant at the Howard Johnson executive hotel. At approximately 6:45 a.m. on

April 9, 1987, an unidentified male jumped over the counter in the hotel section of the Howard Johnson executive Hotel and he then proceeded to strike Plaintiff and force her into a back office where he attempted to rape and/or otherwise sexually assault Plaintiff.

6. The injury to Judith Hershey resulted from the acts of an unidentified male *which was personal to her and a result of the personal animosity of her assailant and said actions did not result from the relationship of her employment.*

7. At the time of the aforesaid attack, Plaintiff, Judith Hershey was alone on the first floor of the aforesaid building and the doors to said area were unlocked and open to the public at the instructions of defendant, Blair Mahoney, individually and on behalf of Ninety–Five Associates.

\* \* \* \* \* \*

9. Defendants knew or should have known that a prior attack occurred at the Hotel on or about February 12, 1987 and that other crimes had taken place on the premises in the period leading up to April 9, 1987.

(Emphasis added.)

In addition, it is not disputed that appellant was employed by appellees on the date the attack occurred. Both parties' versions of the facts as set forth in their respective briefs are substantially alike; thus, there appears to be no dispute concerning the events of that day. The contention between the parties centers around the interpretation of the statutory provisions regarding injuries caused by a third party in the workplace. Initially, we note that the Workmen's Compensation Act is ordinarily the exclusive means of compensation for injuries sustained in the workplace. Based on a "trade-off" theory, the Act provides certain compensation in return for the employer's immunity from suit by employees. 77 P.S. §§ 481(a), 1403; *Brooks v. Marriott Corp.*, 361 Pa.Super. 350, 353, 522 A.2d 618, 619–620 (1987). However, this blanket immunity is subject to exceptions mandated by

the Pennsylvania legislature, one of which is the genesis of the instant controversy.

Specifically, 77 P.S. § 411, defines *"Injury," "personal injury,"* and *"injury arising in the course of employment."*

(1) ... [T]he term 'injury arising in the course of his employment' as used in this article shall not include an injury caused by an act of a third person *intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment;* but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer.

(Emphasis added.)

Accordingly, we have held that

[a]n employee is permitted to maintain a common law cause of action against his employer whenever his or her injury is the result of an attack or assault by a third person or fellow employee for reasons that are personal to the attacker and not connected with the victim's employment. To fit within this exception, the third party's or fellow employee's act must have been motivated by his animosity against the injured employee. If the third party would have attacked a different person in the same position as the injured employee, the attack falls outside the "third party attack" exception.

*Vosburg v. Connolly,* 405 Pa.Super. 121, 126–127, 591 A.2d 1128, 1131 (1991), citing *Brooks v. Marriott Corp.,* 361 Pa.Super. 350, 355–356, 522 A.2d 618, 621 (1987). *See also Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959).

Pursuant to our case and statutory law on third-party injuries, I find that there exists a genuine issue of fact concerning the applicability of the Workmen's Compensation Act to this case. Clearly, robbery is related to a business entity's business purpose, and would bar a private cause of action by an employee. Such a simple analysis, however, is inappropriate under the circumstances of this case.

There was evidence on the record which supports appellant's allegation that the attack was unrelated to appellant's employee status or the hotel's business purpose. Appellant testified at her deposition that when the assailant leaped over the counter, the cash drawer containing two to three hundred dollars was open and in plain view. (Deposition Transcript at 26.) Rather than robbing the hotel of the money clearly available to him at that moment, the assailant grabbed appellant by her hair and put a razor to her throat. He proceeded then to drag her, away from the desk and the money, to back offices, where he punched appellant's face and threw her against office furniture. The assailant continued beating appellant while he was removing her clothing. Eventually, the assailant was distracted by a noise and pulled appellant back toward the front desk. Once there, he knocked appellant to the floor and kicked her face. When appellant finally had an opportunity to escape, the assailant followed her, grabbing a handful of her hair. (D.T. at 29–31.) While in her presence, the assailant never took money from the open cash drawer. Only after the assault was over did appellant have any notice of a robbery. (D.T. at 31.)

I find that appellant's allegations and the inferences which may be drawn from them fairly set forth a cause of action under the third-party exception of 77 Pa.C.S. § 411(1). I would reverse the grant of summary judgment entered by the lower court.