652 A.2d 329

**Karl ADAMS, Appellant**

**v.**

**US AIR, INC. and N.A. Lanzilotti and Frank Allen, Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1994.

Filed Dec. 20, 1994.

David B. Washington, Pittsburgh, for appellant.

John O'Connor, Pittsburgh, for appellees.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

In this appeal, Karl Adams, the plaintiff, contends that the trial court erred when it entered summary judgment against him in an action to recover for intentional infliction of emotional distress and interference with contractual relations, based upon Adams' discharge from employment in the reservations operation for USAir, Inc. (USAir). Named as defendants, in addition to USAir, were Frank Allen, the director of reservations services, and N.A. Lanzilotti, a senior director of reservations offices. Allen had notified Adams of his discharge from employment following an internal investigation and determination that Adams had been violating company policies. Lanzilotti had advised Adams that his grievance had been rejected and confirmed his discharge.

█ Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Marks v. Tasman,* 527 Pa. 132, 134, 589 A.2d 205, 206 (1991). See: Pa.R.C.P. 1035(b). An entry of summary judgment is appropriate only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989).

■ As to Adams' claim against USAir for intentional infliction of emotional distress, we agree with the trial court that an action at law is barred by the exclusivity clause of the Worker's Compensation Act.[1] See: *Papa v. Franklin Mint Corp.*, 400 Pa.Super. 358, 583 A.2d 826 (1990). Any emotional distress suffered by Adams was job related. It was not caused by an act of a third person intended to injure him for personal reasons not related to his employment. Even Adams conceded in his depositions that he was not aware of any facts, other than his termination, that would suggest that either Allen or Lanzilotti bore any personal animosity or malice toward him. His discharge was based, rather, on an internal investigation conducted in response to suspicion that Adams was engaging in illegal drug activities on business premises.

■ For the same reason, it is eminently clear that appellant is unable to show intentional conduct by Allen and Lanzilotti sufficient to subject them individually to liability for infliction of emotional distress. See: Act of Aug. 24, 1963, P.L. 1175, § 1, 77 P.S. § 72. There is not one iota of evidence that Allen or Lanzilotti acted to inflict on appellant an intentional wrong. Instead, they acted, pursuant to the duties of their employment, to investigate appellant's activities on the employer's premises and whether they were violative of USAir's policies. For this there can be no liability against a fellow employee.

■ Appellant's claims against Allen and Lanzilotti for interference with Adams' contractual relations with USAir also are fatally flawed. It is well established that managerial employees acting within the scope of their employment are not third persons for purposes of satisfying the elements required to maintain an action for interference with contractual relations. *Nix v. Temple University*, 408 Pa.Super. 369, 596 A.2d 1132 (1991); *Daniel Adams Assoc. v. Rimbach Pub.*, 360 Pa.Super. 72, 78–83, 519 A.2d 997 (1987), *allocatur denied*, 517 Pa. 597, 535 A.2d 1056 (1987). There is no evidence in the

---

1. Act of June 2, 1915, P.L. 736, art. III, § 303(a), as amended, 77 P.S. § 481(a).

record that either Allen or Lanzilotti acted outside the scope of their authority as managers at USAir.

When defendant-appellees made and supported a motion for summary judgment, as provided for by Pa.R.C.P. 1035, plaintiff-appellant was required to "set forth **specific facts showing that there [was] a genuine issue for trial.**" *Marks v. Tasman, supra* 527 Pa. at 135, 589 A.2d at 206 (emphasis in original). Adams failed to make such a showing even though the trial court gave him every opportunity to do so.

The summary judgment in favor of defendants is affirmed.

OLSZEWSKI, J., files a concurring opinion.

OLSZEWSKI, Judge, concurring:

I concur in the well-reasoned majority decision, and write separately only to note that the exclusive remedy defense does not necessarily apply to co-employee defendants. If the acts of the co-employee defendants were "intentional wrongs," then the Workers' Compensation remedy is not the exclusive source of relief. 77 P.S. § 72. In order to determine whether the co-employees' acts were "intentional wrongs," we ask if the alleged wrong is one that is not normally expected in the workplace. *Vosburg v. Connolly,* 405 Pa.Super. 121, 130, 591 A.2d 1128, 1133 (1991).

In this case, appellant was fired from his place of work in a completely professional manner. He was first suspended and notified of such suspension. After investigation, he was terminated, but he was allowed several appeals. The co-employee defendants never publicized anything about the termination. In such a case, appellant was not subjected to an unexpected wrong. *Compare Vosburg,* 405 Pa.Super. at 130, 591 A.2d at 1133 (finding an unexpected, and therefore intentional, wrong when employee suffered physical assault at the hands of a co-employee). Unfortunately, terminations do occur in the workplace, and this one was handled in a professional and competent manner.

Thus, the co-employees' acts were not "intentional wrongs" within the meaning of Section 205 of the Workers' Compensa-

tion Act, 77 P.S. § 72, and appellant's exclusive remedy is under the liability provisions of that Act. 77 P.S. § 1, *et seq.* Since appellant was not entitled to maintain this action at law, summary judgment was properly granted in appellees' favor.