**Thomas G. FEIDLER, Appellant,**

v.

**MORRIS COUPLING COMPANY,**
**Appellee.**

Superior Court of Pennsylvania.

Argued July 31, 2001.
Filed Oct. 15, 2001.

Jeffrey A. Connelly, Erie, for appellant.

Arthur D. Martinucci, Erie, for appellee.

Before: CAVANAUGH, EAKIN and JOYCE, JJ.

JOYCE, J.:

¶ 1 Thomas Feidler (Appellant) appeals from the order dated April 28, 2000, that granted Morris Coupling Company's (Morris Coupling) motion for summary judgment.[1] We affirm. The relevant facts and procedural history are as follows.

¶ 2 On August 14, 1997, Appellant, while employed at Morris Coupling, was injured following a physical altercation with a co-worker named Joseph Cunningham (Cunningham). It is undisputed that while Appellant was placing wire hangers on a rack, which is part of Morris Coupling's assembly process, Cunningham told Appellant to place the hangers in a specific manner. Appellant, who thought Cunningham was joking, told him to "shut up bitch." Cunningham offered an abusive retort, and Appellant responded in kind. At this point, Cunningham physically assaulted Appellant by choking and punching him. Appellant defended himself, and while moving away from Cunningham, he tripped over a skid. Cunningham continued his assault, and John Wood, a supervisor at Morris Coupling, separated the two men. Appellant suffered a dislocated shoulder. Subsequently, Morris Coupling fired Appellant and Cunningham.

¶ 3 Appellant filed a tort claim against Morris Coupling, alleging that it was negligent in its failure to maintain a safe workplace because of its awareness of Cunningham's previous displays of violence. Morris Coupling moved for summary judgment claiming that the Pennsyl-

vania Worker's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4; 2501–2626, (Act) controlled the issue. Appellant contested the motion alleging that his claim fell under the "personal animus" exception to the Act. *See* 77 P.S. § 411(1) (an employee can maintain a negligence action against employer if the negligence asserted results in injuries that were inflicted for purely personal reasons).

¶ 4 Morris Coupling based its motion for summary judgment on grounds that Appellant had failed to provide evidence that Cunningham assaulted him due to "personal animus" and therefore, he did not rebut the presumption that injuries in the workplace are work-related and fall under the Act. *See Mike v. Borough of Aliquippa,* 279 Pa.Super. 382, 421 A.2d 251 (1980). The motion was granted, and this timely appeal follows.

¶ 5 Appellant first claims that the trial court erred in granting the motion for summary judgment because Morris Coupling was aware of Cunningham's animosity toward Morris Coupling as a whole. Specifically, Appellant alleges that "... the motivation and intent of Cunningham can best be interpreted as personal animus borne for the company and acted out upon the employees as representing that entity." Brief for Appellant at 9.

¶ 6 Our standard of review of a trial court's grant of a motion for summary judgment is settled:

[w]e must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. In

---

1. In an abundance of caution, Morris Coupling sought entry of judgment on the order granting its motion for summary judgment. Since the order granting summary judgment disposed of the entire matter, the order itself was final and appealable. Therefore, Appellant's appeal is properly from the order entered April 28, 2000. We further note that Appellant filed his notice of appeal on May 25, 2000, and as such, his appeal is timely.

order to withstand a motion for summary judgment, a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Finally, we stress that summary judgment will be granted only in those cases which are clear and free from doubt. Our scope of review is plenary.

*Washington v. Baxter*, 553 Pa. 434, 441, 719 A.2d 733, 737 (1998) (citations and quotation marks omitted). Appellate courts will reverse a trial court's grant of summary judgment only upon an abuse of discretion or error of law. *Murphy v. Duquesne University of the Holy Ghost*, 565 Pa. 571, 777 A.2d 418, 429 (2001).

¶ 7 Viewing the facts in the light most favorable to Appellant, we find no abuse of discretion. As a general rule, the Worker's Compensation Act provides the exclusive remedy for employees who seek recovery for injuries sustained in the course of their employment. *See* 77 P.S. § 481. However, as we have noted above, there is an exception:

[t]he term 'injury arising in the course of his employment,' as used in this article shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment.

77 P.S. § 411(1).

▮ ¶ 8 Our Court however, has construed this provision in a narrow manner, and allows recovery only in cases where the third party's actions were motivated by a history of personal animosity toward that particular employee. *See Mike, supra* at

254. "If the third-party would have attacked a different person in the same position as the injured employee, that attack falls outside the exception, and it is covered exclusively by the Act." *Hershey v. Ninety–Five Associates*, 413 Pa.Super. 158, 604 A.2d 1068, 1069 (1992) (internal citations omitted).

▮ ¶ 9 When an employee is injured as a result of an altercation with a co-worker, a rebuttable presumption exists that the injured employee is covered by the Act. *See Mike, supra* at 254. An employee "claiming otherwise bears the burden of showing an intention to injure owing to reasons personal to the assailant." *Id.* Therefore, in order to bring suit outside the Act, the burden was on Appellant to show that Cunningham intended to injure him for personal reasons.

¶ 10 After a thorough review of the record and the comprehensive and well reasoned opinion, we agree with the trial court's determination that Appellant failed to provide evidence of either a history of animosity between himself and Cunningham, or that Cunningham intended to injure him for personal reasons. The transcript from the motion hearing illustrates the deficiency in Appellant's argument, specifically that there was no history of animosity between Appellant and Cunningham, and that Cunningham's acts were random and not directed at Appellant out of personal animosity.

THE COURT: What is it that he had in for your client that's reflected in the record to show the personal animus?

[Appellant's Counsel]: The personal animus only has to be with Mr. Cunningham. And the problem we have is that it is something that would have to come out in trial. But given his history, there is a record of this personal animus toward any individual that seems to be in

his—wherever his area is or surrounding him. I think that's enough to show that this is a personal act; it wasn't dependent upon anything other than the fact he picked somebody out that day. I think its something that needs to be established in front of a jury, was there that personal animus for my client on that day. I'm not saying he had some history of—

N.T. Hearing, Motion for Summary Judgment, 04/25/2000, at 13–14.

¶ 11 It would appear from the record that Cunningham's behavior on the day in question had nothing to do with his past or present relationship with Appellant. Therefore, we cannot find that the animosity was personal.

¶ 12 Appellant references documents in the record detailing Joseph Cunningham's history of verbal abuse and threatening actions towards various other employees of Employer. However, none of these documents are indicative of animosity between Appellant and Cunningham or show that Appellant was attacked due to personal reasons.[2] Certified Record, at 43, Plaintiff's Brief in Opposition to Motion for Summary Judgment, 02/25/2000, Exhibit "1".

¶ 13 Appellant's lack of evidence establishing personal animosity is fatal to his claim, and instead supports Morris Coupling's position that the claim falls properly under the Act. "The Courts have found that the lack of pre-existing animosity between the combatants strongly suggests that the motive for the attack was work related and not because of reasons personal to the assailant." *Mike, supra* at 255; *See also Vosburg v. Connolly,* 405 Pa.Su-

per. 121, 591 A.2d 1128 (1991) (claim for damages resulting from a fist-fight subsequent to an argument concerning job performance fell within the Workers' Compensation Act).

¶ 14 Appellant admits that he was unaware of any personal animosity. Brief for Appellant, at 7. The issue he presents alleges Cunningham had animosity toward Morris Coupling in general. As such, Appellant has not proven that the attack was as a result of a pre-existing personal animosity between Appellant and Cunningham. This failure to show any history of personal animosity mandates that Appellant's claim falls squarely within the Act.

¶ 15 Appellant's second issue alleges that summary judgment was not proper because the Act should not be applied to all of Appellant's damages because of the nature of the damages sought. The damages sought were not for physical injuries *per se,* they were economic damages for wrongful termination and therefore, he cannot be made whole under the Act. Brief for Appellant, at 16.

¶ 16 We have reviewed the record in this matter, and these issues were not included in Appellant's concise statement of matters complained of on appeal pursuant to Pa. R.A.P.1925(b). Therefore, we are precluded from addressing them on appeal. *See McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655 (Pa.Super.2000) (citing *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306, (1998)) (an issue is waived for purposes of appellate review where it is not included in Appellant's statement pursuant to Pa. R.A.P.1925(b)).

---

**2.** Appellant notes that subsequent to the assault, Cunningham was convicted of the summary offense of harassment. However, neither the record nor Appellant's brief indicate how this fact establishes the necessary ele-

ment of personal animosity. We therefore agree with the trial court that this fact is of no moment. *See* Trial Court Opinion, 07/10/2000 at 6.

¶ 17 For the foregoing reasons, it is our determination that the trial court did not abuse its discretion, and it was correct in finding that Appellant's claim fell properly within the Workers' Compensation Act. Accordingly, we affirm the trial court's order that granted Morris Coupling's motion for summary judgment.

¶ 18 Order affirmed.