**Marton MINTO, Appellant**

**v.**

**J.B. HUNT TRANSPORT, INC.**

**Marton Minto, Appellant**

**v.**

**J.B. Hunt Transport Services, Inc., and J.B. Hunt Transport, Inc.**

Superior Court of Pennsylvania.

Argued June 25, 2008.
Filed April 17, 2009.

Joseph L. Messa, Jr., Philadelphia, for appellant.

Carl D. Buchholz, III, Philadelphia, for Hunt, appellee.

BEFORE: LALLY–GREEN, KLEIN and GANTMAN, JJ.

OPINION BY KLEIN, J.:

¶ 1 Marton Minto suffered catastrophic injuries including quadriplegia when a truck he was driving, in his role as an employee of J.B. Hunt Transport, Inc., went off the road on Interstate I–95 in Pennsylvania south of Philadelphia. In his complaint, Minto alleged that because his employer, J.B. Hunt, negligently destroyed and failed to preserve key parts of the truck, including the seatbelts, the brakes themselves, "black boxes" that monitored the action of the anti-lock brakes and motor, and other items, he was prejudiced in his tort suit against third parties who manufactured the truck and its components. The trial court judge granted J.B. Hunt's judgment on the pleadings, finding that all of Minto's claims against J.B. Hunt were barred by the exclusivity provision of the Workers' Compensation Act ("Act"), 77 P.S. § 481(a).

¶ 2 The matter comes to us under Pa. R.A.P. 341(c), following the trial court's determination of finality limited to the issue of the exclusivity of the Act.[1] We are thus limited to the sole issue of whether the exclusivity provisions of the Act precludes, under the facts pled in this case, the claims Minto raises as against his former employer, J.B. Hunt. Since we conclude that the Act does not preclude, under the facts pled in this case, Minto's claims, we reverse and remand for further proceedings.

¶ 3 The narrow issue before us resulted from the trial court's grant of J.B. Hunt's judgment on the pleadings. Our scope and standard of review in appeals of a grant or denial of a motion for judgment on the pleadings is well settled. This Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We review to determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise. *Municipality of Mt. Lebanon v. Reliance Ins. Co.,*

---

1. The distinguished trial judge said in her Pa.R.A.P.1925(a) Opinion:

    This matter involves the exclusivity of the Pennsylvania Workers' Compensation Act where Plaintiff, an employee truck driver injured on the job, alleges negligent spoliation of evidence by Defendant, his former employer.

    Trial Court Opinion, 7/26/05, at 1. The trial court echoed that statement in 2007:

    In fact, the central open-ended question upon which there is no applicable law [is this]: Was the spoliation of evidence an exception to the workers' compensation bar?

    Trial Court Opinion, 11/16/07, at 5. The trial court did not decide in any way the merits of Minto's claim.

778 A.2d 1228, 1231 (Pa.Super.2001) (citations and quotation marks omitted).

¶ 4 Minto alleges the following facts in his complaint, which we are to assume are true as alleged. Between July 2000 and February 2001 the National Highway Traffic Safety Administration (NHTSA) issued recalls on the specific brakes, brake parts and the anti-lock braking system that were in the freight truck driven by Minto, an employee of J.B. Hunt, at the time of the alleged accident. On March 13, 2002, Minto was involved in an accident on I-95 near Philadelphia while driving a freight truck. Within twelve hours of the accident, J.B. Hunt hired an adjuster to investigate the incident, took pictures of the truck and the scene and obtained a police report. Also, during this timeframe, J.B. Hunt's Vice President of Claims and Litigation flew to Philadelphia and visited Minto in the hospital, viewed the accident scene and inspected the tractor and trailer involved in the accident. On about March 28, 2002, J.B. Hunt repaired and replaced a substantial amount of the tractor involved in the accident. As a result of the accident, Minto was severely injured and unable to speak. On May 31, 2002, J.B. Hunt fired Minto "for cause." On August 22, 2002, Minto hired counsel who directed J.B. Hunt to preserve the driver's log, vehicle maintenance records, any parts, documents and records related to the accident. Counsel also requested that J.B. Hunt not destroy or dispose of any vehicle involved in the incident. During this time, Minto could not gain access to the tractor-trailer because J.B. Hunt had possession and control of it.

¶ 5 Minto filed a negligence and products liability action against J.B. Hunt and a number of other product defendants. After a series of amended complaints, Minto added claims against J.B. Hunt for negligence, fraudulent concealment, intentional infliction of emotional distress and punitive damages. Specifically, Minto alleged that J.B. Hunt negligently and/or intentionally destroyed or disposed of many parts of the truck, making it virtually impossible for Minto to prove his products liability claim against the other defendants. Some of these claims dealt with J.B. Hunt's actions *after* May 31, 2002, when J.B. Hunt fired Minto.

¶ 6 J.B. Hunt answered Minto's complaint and filed a motion for judgment on the pleadings. The trial court granted the motion on February 9, 2005 finding that Minto's claims against J.B. Hunt were barred by the exclusivity provision of the Act, 77 P.S. § 481, which provides that the Act is the employee's exclusive remedy against his or her employer for injuries sustained in the course of employment. The court granted reconsideration, but ultimately reaffirmed its order on June 27, 2005 and dismissed J.B. Hunt as a defendant.

¶ 7 This Court remanded the case to the trial court for proper consideration of all the factors for the certification of "finality" pursuant to Pa. R.A.P. 341(c).[2] In compliance with the order of this Court, the Honorable Sandra Mazer Moss issued an opinion and a "final" order as to J.B. Hunt on December 5, 2007; she also made the express determination required by Pa. R.A.P.341(c). Judge Moss concluded that

---

**2.** Pa.R.A.P. Rule 341 provides:

... when multiple parties are involved, the trial court may enter a final order as to one or more of the parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

the June 27, 2005 order appropriately dismissed J.B. Hunt from suit. Judge Moss only addressed the issue of the exclusivity of the Act. Thereafter, on December 11, 2007 Minto filed a timely notice of appeal.

¶ 8 The Act provides the following definitions regarding "exclusivity" of remedy regarding the employer and "injury."

**Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... in any action at law or otherwise on account of any injury or death....

77 P.S. § 481(a).

**"Injury," "personal injury," and "injury arising in the course of his employment" defined**

The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto.... The term "injury arising in the course of his employment," as used in this article, ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer....

77 P.S. § 411(1).

■ ¶ 9 The Act bars actions in tort by an employee against his or her employer, with certain limited exceptions. *Hershey v. Ninety–Five Assoc.*, 413 Pa.Super. 158,

604 A.2d 1068, 1069 (1992). One such exception is where the courts determine that the injury did not arise in the course of employment. 77 P.S. § 411(1). For example, in *Krasevic v. Goodwill Indus. of Central Pennsylvania, Inc.*, 764 A.2d 561 (Pa.Super.2000), an employee brought an action against employer in negligence following her sexual assault by a co-worker at a training facility. "The attack occurred while [the employee] was on break, while she was in the bathroom. She was not at her work station and was not performing a work-related task. In fact, the substance of the attack itself—a rape—cannot by any stretch of the imagination be considered a work-related occurrence." *Id.* at 567. This Court held that the attack was purely personal and not related to employment and, as such, the third party attack exception to the Act applied.[3]

■ ¶ 10 Minto alleges that, during the period in question, he was either not an employee or, if so, was an employee not acting in the scope of his employment, *i.e.*, not "actually engaged in the furtherance of the business or affairs of the employer." He does not allege in his complaint damages from his former employer, J.B. Hunt, for physical injuries to himself during the course of his employment as a driver. Rather, he alleges economic damage as a result of the alleged actions of his former employer, J.B. Hunt, in destroying evidence that could have considerably damaged Minto's case against product liability defendants.

**3.** Conversely, in *Poyser v. Newman & Co., Inc.*, 514 Pa. 32, 522 A.2d 548 (1987), the plaintiff asserted a product liability claim and a claim based on his employer's willful disregard of the government safety regulations for physical injuries sustained *while in the course of his employment.* The Pennsylvania Supreme Court held that injuries caused by the omissions of the employer did not take the plaintiff's claim for personal injuries out of the exclusivity provision of the Workers' Compensation Act. *Id.* at 551. The Court determined that injuries caused by a third party who intended to injure the employee, *for reasons that were personal to him,* does not fall within the Act. *Id.*

¶ 11 As the above statutory language reflect, the focus of the exclusivity provision of the Act is to limit the liability of an employer on account of injury arising in the course of the employee's employment with the employer. In other words, the exclusivity is triggered if, when the cause of action arises, the plaintiff was an employee who "sustained" "injury" while "actually engaged in furtherance of the business or affairs of the employer." Thus, we conclude that Minto's alleged claims are not barred by the Act.

¶ 12 We emphasize strongly that we cannot, and do not, express any opinion on the accuracy or truth of the facts pled or the merits of either Minto's underlying negligence claim against his former employer, J.B. Hunt, or of J.B. Hunt's responses. We have only addressed the sole issue asked of us.

¶ 13 Order reversed. Matter remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 14 GANTMAN, J., files a Concurring Opinion.

## CONCURRING OPINION BY GANTMAN, J.:

¶ 1 I agree with the majority that the Workers' Compensation statute does not preempt Appellant's claim against the J.B. Hunt entities, although I respectfully disagree with the majority's narrow interpretation of the issue on appeal as limited solely to preemption. Nevertheless, given the decision to remand for further proceedings, I think the court should revisit and decide the J.B. Hunt entities' motion for judgment on the pleadings on the other grounds asserted in that motion. Specifically, the court should review only the well-pled facts contained in Appellant's complaint and determine if Appellant sufficiently pled his "spoliation" claim as a negligence cause of action. *See Elias v. Lancaster General Hosp.*, 710 A.2d 65 (Pa.Super.1998) (holding Pennsylvania does not recognize separate tort action for spoliation of evidence; spoliation claim must be addressed under traditional negligence principles). In other words, the question still remains whether Appellant adequately pled a duty, breach, causation, and damages against the J.B. Hunt entities under the circumstances of this case. Thus, I write separately to state this observation.