J. S62045/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GLAVIN IVY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1188 WDA 2019 |
| | : | |
| PETER ACKER | : | |

Appeal from the Order Entered July 8, 2019,
in the Court of Common Pleas of Mercer County
Civil Division at No. 2018-0322

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED FEBRUARY 25, 2020**

Glavin Ivy appeals **pro se** from the trial court's July 8, 2019 order

granting the motion for summary judgment[1] filed by then-Mercer County

District Attorney Miles Karson.[2]  After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from

the certified record, are as follows:  Appellant, who is incarcerated, filed a

---

[1] We note that a trial court's order granting summary judgment in favor of a defendant constitutes a final and appealable order where "it effectively resolve[s] all of the claims presented in the action[.]" **Briggs v. Sw. Energy Prod. Co.**, 184 A.3d 153, 164 n.1 (Pa.Super. 2018), **appeal granted**, 197 A.3d 1168 (Pa. 2018), citing **inter alia**, **Feidler v. Morris Coupling Co.**, 784 A.2d 812, 814 n.1 (Pa.Super. 2001) (stating that the trial court's order granting defendant's motion for summary judgment was final and appealable because it disposed of the entire matter).

[2] Mercer County District Attorney Peter C. Acker was substituted as appellee in this appeal on August 15, 2019.  For ease of discussion, we collectively refer to appellee as "the District Attorney."

*pro se* petition for writ of *mandamus* in the Court of Common Pleas of Mercer County on February 5, 2018, requesting all relevant documentation related to his multiple outstanding criminal cases in Mercer County. Therein, appellant challenged the District Attorney's policy that precludes criminal defendants who are represented by counsel from obtaining copies of discovery material and case-related documentation from their defense counsel. On July 26, 2018, appellant filed an amended petition for writ of *mandamus*, arguing that he was entitled to "all the discovery materials related to his [two outstanding criminal cases] so that [he] could assist in his defense" and that the District Attorney was in violation of Pennsylvania's Right-to-Know Law ("RTKL").[3] ("Amended Petition for Writ of Mandamus," 7/26/18 at ¶¶ 9, 22-24.) Appellant initially added Matthew Parson, Esq., the court-appointed attorney for appellant's two criminal cases in Mercer County, as an additional defendant, but Attorney Parson is no longer a party to this case. (*See* notes of testimony, 3/20/19 at 2.) The District Attorney filed an answer and new matter to appellant's petition on August 20, 2018, stating:

> the policy of the District Attorney's office is an open file policy in which the Commonwealth's complete file is given to each defendant's attorney. [Appellant's] attorney was given a copy of all material in the Commonwealth's file relating to [appellant].

Answer and new matter, 8/20/18 at ¶ 8.

---

[3] *See* 65 P.S. §§ 67.101-67.3104.

Thereafter, the trial court held hearings in this matter on February 13 and March 20, 2019. During the latter hearing, the District Attorney clarified that under its "open file discovery" policy,

> we give the file to the [defense] attorney with the understanding that there is information in there that may be sensitive and not appropriate for the Defendant to have, and so we take it at [defense counsel's] word that they are going to manage that communication with their client to make sure that they are not receiving things that we would otherwise be entitled to redact[.]

Notes of testimony, 3/20/19 at 25.

Following said hearings, the District Attorney filed the aforementioned motion for summary judgment, arguing that "[appellant's] exclusive remedy for obtaining documents in [his] ongoing criminal case would be to request the information through the criminal discovery process," and that he is barred from seeking relief for an alleged violation of the RTKL through a **_mandamus_** action. ("Motion for Summary Judgment," 4/17/19 at ¶¶ 4-9.) As noted, the trial court entered an opinion and order on July 8, 2019, holding that **_mandamus_** is not an available form of relief and granting the District Attorney's motion for summary judgment. (**_See_** trial court opinion and order,

J. S62045/19

7/8/19 at 2.) Appellant filed a motion for reconsideration that was denied by the trial court on August 15, 2019. This timely appeal followed.[4]

Appellant raises the following issues for our review:

> I. Did the [trial] court abuse its discretion and/or err as a matter of law when it granted [the District Attorney's] motion for summary judg[]ment when there was no other adequate remedy avail[a]ble to compel the District Attorney to abolish its unwritten and unspoken policy[,] which infringes upon the attorney-client relationship and other constitutional rights of [appellant]?
>
> II. Is [the District Attorney] permitted, under the Pennsylvania and United States Constitutions and their laws, or under the rules of professional conduct, to deny [appellant] inspection, study, retention, and access to case-related documentation and evidence which has been obtained through the discovery process or otherwise?
>
> III. Do the rule-based discovery rights and other rights mentioned in the rules of criminal procedure belong exclusively and/or personally to the criminal defendant and not his lawyer?

Appellant's brief at 4 (full capitalization and emphasis omitted).

Our standard of review of a trial court's order granting summary judgment is well settled:

---

[4] Although not ordered to do so, appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on August 5, 2019. On August 15, 2019, the trial court filed its Rule 1925(a) opinion, indicating that it was relying on the reasoning set forth in its prior opinion authored in support of its order granting the District Attorney's motion for summary judgment.

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-1262 (Pa.Super. 2013) (citations and internal quotation marks omitted); *see also* Pa.R.C.P. 1035.2.

The crux of appellant's arguments on appeal raise a pure question of law — namely, whether appellant can use a civil *mandamus* action to compel discovery in his outstanding criminal cases.[5] Our scope of review of a trial court's decision to deny or grant *mandamus* is *de novo* and plenary. *Crozer Chester Med. Ctr. v. Dep't of Labor and Indus., Bureau of Workers'*

---

[5] Appellant acknowledges in his appellate brief that he has abandoned all claims related to the RTKL. (*See* appellant's brief at 24.)

*Comp.*, 22 A.3d 189, 194 (Pa. 2011) (citation omitted). Upon careful review, we find that the record supports the trial court's determination that the writ of *mandamus* is not an appropriate remedy in this case.

"A writ of mandamus is an extraordinary remedy, because it works to compel a public official to perform a certain action." *Kuren v. Luzerne County*, 146 A.3d 715, 749 (Pa. 2016). "Where the action sought to be compelled is discretionary, mandamus will not lie to control that discretionary act, . . . but courts will review the exercise of the actor's discretion where it is arbitrary or fraudulently exercised or is based upon a mistaken view of the law." *Banfield v. Cortes*, 110 A.3d 155, 175 (Pa. 2015) (citation omitted). Our supreme court has long recognized that a court may issue a writ of *mandamus* only where the petitioner has a clear legal right, the responding public official has a corresponding duty, **and no other adequate and appropriate remedy at law exists**. *See Kegerise v. Delgrande*, 183 A.3d 997, 1004 (Pa. 2018) (stating, "mandamus . . . will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate or adequate remedy." (citation omitted)). Lastly, we note that "[t]he petitioner's right to performance of a mandatory duty must be well-defined, clear, and specific; where any doubt exists, mandamus relief will not lie." *Id.* (citation omitted).

Instantly, we discern no error on the part of the trial court in concluding that appellant's petition for writ of *mandamus* was not the appropriate mechanism to obtain pretrial discovery in his underlying criminal cases in Mercer County. Our review of the record reflects that appellant failed to demonstrate that there were no other adequate and appropriate remedies at law. ***See id.*** Appellant's proper remedy for obtaining discovery in his outstanding criminal cases is through the normal processes provided for by the Pennsylvania Rule of Criminal Procedure, including the filing of a motion to compel discovery in each specific criminal case. As recognized by the trial court, Rule 573 governs pretrial discovery and inspection in this Commonwealth, and appellant's failure to exhaust these remedies precludes the issuance of a writ of *mandamus*. (***See*** trial court opinion, 7/8/19 at 2.) Moreover, appellant would clearly have the right to appeal the trial court's discovery rulings in his criminal cases, should he elect to do so. Accordingly, we affirm the trial court's July 8, 2018 order granting summary judgment in favor of the District Attorney.

Order affirmed.[6]

---

[6] We note that on November 4, 2019, appellant filed a ***pro se*** motion to amend the certified record to include the transcripts from his two criminal proceedings held before the Honorable Christopher St. John, as well as the transcript from the March 20, 2019 hearing in this case. (***See*** "Application to Modify the Certified Record on Appeal," 11/4/19 at ¶ 7(a)-(b).) In light of the foregoing discussion, we deny appellant's request for criminal case transcripts as moot. We further note that the March 20, 2019 hearing transcript from this case **is included** in the certified record.

J. S62045/19

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/25/2020</u>